Argued November 21, decided December 31, 1912.

STATE ex rel. v. DUNIWAY.

(128 Pac. 853.)

**States—Statutory Provisions—"Any Person."**

1. The State may maintain ejectment under Section 325, L. O. L., providing that any person having a legal estate in real property and a present right to the possession thereof may recover such possession by an action at law; the common-law rule that the king cannot be disseised having no application,

since disseisin is not necessary under the statute, and "any person" being broad enough to include artificial as well as natural persons.

### States—Actions—Capacity to Sue.

2. The State may maintain actions in its own name to enforce its rights and redress its wrongs without express statutory authorization.

### States—Rights of Action by State.

3. Under Section 2634, L. O. L., giving the Secretary of State the custody, care, and control of the Capitol Building and grounds, ejectment to recover the possession of rooms in the Capitol Building is properly brought in the name of the State on relation of the Secretary of State instead of in the name of the Secretary of State, since the statute does not give him exclusive possession of such building and grounds.

### States—Actions—Parties—Relators.

4. Where a suit is not for the purpose of enforcing a private right of the relator, but to enforce a public right in the interests of the people, he may bring the action in the name of the State to enforce the public right, even though he has no interest in the subject of the litigation.

### Parties—Demurrer—Misjoinder of Parties.

5. If the Secretary of State is improperly joined as a co-plaintiff with the State in ejectment to recover possession of rooms in the State Capitol, the misjoinder should be cured by a motion to strike out and is not a ground of demurrer.

### District and Prosecuting Attorneys—Statutory Provisions.

6. Under Section 17, Article VII, of the Constitution, providing for the election of prosecuting attorneys and prescribing their duties, is still in force notwithstanding the amendment of Article VII in 1910 (Laws 1911, p. 7), which makes no reference to this subject, in view of Section 2 thereof, providing that the courts, jurisdiction, and judicial system, except as expressly changed thereby, shall remain as at present constituted until otherwise provided by law.

### Attorney General—Statutory Provisions.

7. Under Section 17, Article VII, of the Constitution, providing for the election of prosecuting attorneys who shall be the law officers of the State and of the counties within their

districts and shall perform such duties pertaining to the adminis-
tration of law and general police as the legislative assembly may
direct, does not prohibit the legislature from providing, as they
have by Section 2670, L. O. L., that the Attorney General shall,
when requested by certain State officers, defend any action, suit,
etc., in which the State is a party or interested.

**Constitutional Law—Legislative Power—Scope.**
    8. The power of the legislature is unlimited in all matters
of legislation except in so far as it is limited by the constitution.

**States—Actions—Form of Remedy.**
    9. The State, having a right to bring ejectment, may exer-
cise such right even though the same purpose could be accom-
plished by mandamus and the remedy by ejectment is neither
speedy nor adequate.

From Marion:  PERCY R. KELLY, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a proceeding by the State, on relation of Ben
W. Olcott, Secretary of State, to dispossess Willis S.
Duniway, State Printer of the State of Oregon, of cer-
tain rooms in the State Capitol Building.  These rooms
are alleged to be occupied by the defendant for the use
of the State printing department in connection with the
defendant's office as State Printer, and it is alleged that
his office is not a State department nor is he entitled to
occupy offices or rooms in the State Capitol Building;
and plaintiffs ask for judgment that they are entitled to
possession thereof.

The defendant moved to strike out those portions of
the complaint by which the State of Oregon is made a
party to the action, and its interest in the property set
forth, which motion was sustained.  Defendant there-
upon filed a demurrer to the complaint for the reason
that the plaintiff as Secretary of State has not the legal
capacity to sue, and that the complaint does not state
facts sufficient to constitute a cause of action against
defendant.  The demurrer was sustained and the action
dismissed, and the plaintiffs appeal.    REVERSED.

For appellants there was a brief over the names of *Mr. Samuel T. Richardson, Mr. Andrew M. Crawford,* Attorney General, *Mr. William C. Bristol,* and *Mr. Charles L. McNary,* with oral arguments by *Mr. Richardson* and *Mr. Crawford.*

For respondent there was a brief with oral arguments by *Messrs. Snow & McCamant.*

Opinion by MR. CHIEF JUSTICE EAKIN.

We will first consider the question raised by the motion to strike out parts of the complaint. The important question raised by this motion is whether the State is a proper party plaintiff. Defendant treats the action as one in ejectment, and insists that the State cannot maintain that action under Section 325, L. O. L. If the State is a proper party plaintiff to recover the possession of the rooms, we see no reason why this action might not be sustained as a common-law proceeding by information to enforce the state's right to the property. *State* v. *Pinckney,* 22 S. C. 484, 503; 36 Cyc. 907; 3 Blackstone, Commentaries, 261; *State* v. *Paxon,* 119 Ga. 730 (46 S. E. 872).

1. But we think the State can maintain an action in ejectment upon the facts alleged. The common-law rule that the king cannot be disseised has no application here. Disseisin is not a necessary element in an action under Section 325 *et seq.,* L. O. L., which provided for the recovery of real property in the nature of an action in ejectment. There is no reason why the State cannot proceed under that section as well as an individual or a private corporation. 36 Cyc. 907; *Brown* v. *State,* 5 Colo. 496, 498; *Delafield* v. *State of Illinois,* 2 Hill (N. Y.) 159; Warvelle, Ejectment, Section 173. That section of the Code is broad enough to include the State. The words "any person," specifying who may bring the action, were intended and are broad enough to include artificial as

·well as natural persons.  Endlich, Interpretation of Stat-
utes, Sections 87, 89; *Chapman* v. *Brewer,* 43 Neb. 890,
898, (62 N. W. 320: 47 Am. St. Rep. 779) ; *State* v.
*Woram,* 6 Hill, 33, 38 (40 Am. Dec. 378) ; *People* v. *Utica
Ins. Co.,* 15 Johns. 358 (8 Am. Dec. 243).

2.  Even regardless of the statute the State has a com-
plete remedy in its own courts to enforce its rights and
redress its wrongs.  "A State, as it can make contracts
and suffer wrongs, so it may, for this reason and with-
out express provision, maintain in its corporate name
actions to enforce its rights and redress its injuries."
Dillon, Municipal Corporations, Section 43; *Brown* v.
*State,* 5 Colo. 496, 498.  It is said by Mr. Justice BEAN,
in the case of *State ex rel.* v. *Metschan,* 32 Or. 372, 384
(46 Pac. 793: 53 Pac. 107: 41 L. R. A. 692), that, "indeed
the right of the State, through its proper officer, to main-
tain such a proceeding (a suit in its sovereign capacity
as the guardian of the rights of the people), would seem
to be one of the necessary incidents of sovereignty."

3.  By the terms of Section 2634, L. O. L., the Secre-
tary of State is made the agent of the State, to have the
custody, care, and control of the Capitol Building and
grounds.  That authority confers upon him the right to
assign the rooms in the building to persons entitled to
occupy them, but does not give him exclusive possession
thereof.  The reading of the complaint discloses the State
as the proper party plaintiff, and the action may be insti-
tuted on the relation of the Secretary of State by virtue
of Section 2634, L. O. L.  *State ex rel.* v. *Crawford,* 28
Fla. 441, 510 (10 South, 118: 14 L. R. A. 253).

4.  Where the suit is not for the purpose of enforcing
a private right of a relator, but to enforce a public right
in the interests of the people, it is not necessary that the
relator have any interest in the subject of the litigation,
but he may bring the action in the name of the State
to enforce the public right.  It is not required that it be

upon the relation of the district attorney or Attorney General, but must be brought by the proper legal officer.

5. Whether the Secretary of State is properly named as a co-plaintiff with the State is not involved on this appeal. However, he is not claiming the property in a several right, but in the right of the State, and for it. If not a proper party, then his name as plaintiff might be stricken out, because he is misjoined with the State; but a misjoinder is not a ground of demurrer.

6,7. The only other question of importance involved here is whether the Attorney General may bring the action for the State, as its legal representative, or whether it must be commenced by the district attorney of the district in which the action is brought. The constitution (Section 17, Article VII) provides:

"There shall be elected by districts comprised of one or more counties, a sufficient number of prosecuting attorneys, who shall be the law officers of the State, and of the counties within their respective districts, and shall perform such duties pertaining to the administration of law and general police as the legislative assembly may direct."

Article VII, as amended in 1910, omits any reference to this subject, by Section 2 thereof leaving the judicial system as now constituted until otherwise provided by law; therefore, the provisions of Section 17, Article VII, of the constitution, remain in force. In 1891 the legislature created the office of Attorney General of the State of Oregon. Among other duties imposed upon him is:

"And he shall, when requested by any State board or board of trustees, or by the Governor or the Secretary of State or the State Treasurer, appear, prosecute, or defend any action, suit, matter, cause, or proceeding in any court in which the State is a party or interested." Section 2670, L. O. L.

Thus the legislature makes him the legal officer of the State in such cases as the one under consideration, and

the question is: Had the legislature power to cast that duty upon him?

8. The power of the legislature is unlimited in all matters of legislation except in so far as it is limited by the constitution. Therefore, unless Section 17, Article VII, is prohibitive upon the legislature, precluding it from giving to the Attorney General power to bring such a suit as this in the name of the State, his authority is complete. The fact that Section 17, Article VII, provides that the district attorneys "shall be the law officers of the State," and that they are to "perform such duties pertaining to the administration of law and general police as the legislature may direct," would indicate that such language is not prohibitive, and will leave the control of such matters largely to the discretion of the legislature. Mr. Justice WALDO, in *State* v. *Douglas County Road Company,* 10 Or. 198, at page 201, says:

"The district attorney is the law officer of the State, within the limits of his district, with the powers, in the absence of statutory regulation, of the Attorney General at common law."

In *State* v. *Guglielmo,* 46 Or. 250, at page 257 (79 Pac. 577: 80 Pac. 103: 69 L. R. A. 466: 7 Ann. Cas. 976), this language is quoted with approval, and at 46 Or. 263 (80 Pac. 103: 69 L. R. A. 466: 7 Ann. Cas. 976), it is said that the authority of the district attorney to file informations is derived from the statute. Justice BURNETT, in *State ex rel.* v. *Millis,* 61 Or. 245, at page 249 (119 Pac. 763), in effect, concedes the power of the legislature to confer authority upon the Attorney General to prosecute actions in which the State is interested, except those the commencement of which had been already vested in the district attorney. The authority here sought to be exercised by the Attorney General relates to a civil right of the State, which no doubt prior to the creation of the office of Attorney General might have been exercised by the district attorney, but is included

within the authority conferred by Section 2670, and is not in conflict with the constitution. The action is instituted by the Attorney General on the relation of the Secretary of State. He is the State officer having control of the building, and therefore has a special interest in enforcing the State's right, and by Section 2670 of the statute is authorized to require the Attorney General to prosecute an action for that purpose; the complaint thus showing upon its face that the action is brought by the appropriate law officer of the State within the holding in *State ex rel.* v. *Lord,* 28 Or. 498 (43 Pac. 471: 31 L. R. A. 473). And we hold that the action is properly prosecuted by the Attorney General.

9. It is not necessary to determine whether or not the State has a remedy by mandamus, nor whether the remedy by ejetcment is speedy and adequate. That remedy exists, and the plaintiff had the right to choose the form of action to be adopted, provided it were a proper one.

From the foregoing we are impelled to the conclusion that the ruling of the circuit court in sustaining the motion to strike out portions of the complaint was error, and that therefore the order sustaining the demurrer and judgment rendered thereon were also error. The judgment is reversed, and the cause remanded for such further proceedings as to the circuit court may seem proper, not inconsistent with this opinion.    REVERSED.