Argued January 22, action dismissed March 31, 1925.

## STATE EX INF. MOORE *v.* ROSS FARNHAM.

(234 Pac. 806.)

**District and Prosecuting Attorneys—Constitutional Amendment by Omitting Reference to Portion of Original Held to have Repealed Such Portion Except as Preserved by Amendment.**

1. The amendment to Const., Art. VII, in 1910 (see Laws of 1911, p. 7), by omitting all reference to Section 17 thereof, *held* to have abrogated and repealed such section, except in so far as it is preserved and kept in force by Section 2 of the amendment, and if preserved, is subject to legislative will.

**District and Prosecuting Attorneys—Original Constitutional Provision Relating to Prosecuting Attorneys Held in Force Subject to Legislation Subsequent to Adoption of Amendment.**

2. The provision of Const., Art. VII, Section 17, of original Constitution, relating to district and prosecuting attorneys, which was amended in 1910 (see Laws of 1911, p. 7), which amendment omitted reference to such section, is in force by virtue of Section 2 of the amendment, except in so far as it has been modified by legislation subsequent to adoption of amendment.

**Constitutional Law—State Constitution Limitation upon Legislative Power.**

3. The Constitution of Oregon is a limitation upon legislative power of state and not a grant of legislative power.

---

1. See 25 R. C. L. 907.
3. See 6 R. C. L. 17.

Constitutional Law—Except as Limited by State Constitution, Legislature may Enact Laws not in Conflict With United States Constitution.

4. Except as limited by the state Constitution, legislature may lawfully enact any law not in conflict with Constitution of United States.

District and Prosecuting Attorneys—Office of Prosecuting Attorney not Constitutional Office, but Subject to Valid Exercise of Legislative Power.

5. Since office of prosecuting attorney and powers and duties thereof, as defined by Section 17 of original Constitution, were preserved as then constituted, by Section 2, of the amendment of 1910 (see Laws of 1911, p. 7), only until otherwise provided by law, the office of prosecuting attorney is not a constitutional office, but is subject to valid exercise of legislative power.

Constitutional Law—Act Authorizing Governor to Appoint Special Prosecutors for Liquor Cases Held not Unconstitutional as Giving Governor Power to Exercise Judicial Functions.

6. Since under Section 2224—45, Or. L., authorizing Governor to appoint special prosecutors when prohibition act is not being enforced by prosecuting attorney, question of whether or not it is being enforced is purely a matter of opinion and Governor does not exercise any judicial powers or functions in appointing special prosecutor and hence, in view of Const., Art. V, Sections 1, 10, such act is not violative of Article III, Section 1, prohibiting persons charged with official duties of one department of state to exercise functions of another.

Statutes—Act Authorizing Governor to Appoint Special Prosecutors for Liquor Cases Held not Invalid as a Local Law Regulating "Practice" in Courts of Justice.

7. Section 2224—45, Or. L., authorizing Governor to appoint special prosecutors where prohibition act is not being enforced by prosecuting attorney, *held* not violative of Const., Art. IV, Section 23, subdivision 3, prohibiting legislature from passing local laws regulating "practice" in courts of justice, since such act is not a local law, but is applicable to every county in state, nor does it attempt to regulate "practice" in courts of justice, within meaning of such constitutional provision.

Constitutional Law — District and Prosecuting Attorneys — Governor's Choice of Method for Appointment of Special Prosecutor Discretionary Over Which Court has No Control.

8. Governor in appointing special prosecutor may act either under Section 2224—45, Or. L., or under Sections 2698–2703, without regard to the other, and his choice is discretionary over which court has no control.

---

4. See 6 R. C. L. 152.
5. See 22 R. C. L. 382.
6. See 22 R. C. L. 424; 6 R. C. L. 174.
7. See 25 R. C. L. 832.
8. See 22 R. C. L. 430.

Constitutional Law—Wisdom of Legislation and Its Enforcement by Governor No Concern of Court, but Matter of Legislative and Executive Discretion.

9. In determining constitutionality of Section 2224—45, Or. L., authorizing Governor to appoint special prosecutors when prohibition act is not being enforced by prosecuting attorney, the courts are not concerned with wisdom of legislation or its enforcement by the Governor, as those are matters purely of legislative and executive discretion.

See (1) 18 C. J., p. 1297, § 3.    (2) 18 C. J., p. 1297, § 3; 12 C. J., p. 745, § 167.

Original proceedings in *quo warranto.*

In Banc.

Action Dismissed.

For plaintiff there was a brief over the names of *Mr. Martin L. Pipes* and *Mr. A. J. Moore,* District Attorney, with an oral argument by *Mr. Jay H. Upton.*

For defendant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. J. B. Hosford,* Asst Atty. Genl.

RAND, J.—This is an action in the nature of a *quo warranto* proceeding which was commenced in this court on the information of the prosecuting attorney for Deschutes County. Under Section 2224—45, Or. L., the defendant was appointed by the Governor as a special prosecutor to take charge of and control all prosecutions of persons accused of having violated the state prohibition law in that county and also the disbursement of all funds provided by law for the enforcement of the prohibition law in that county. Under this appointment and in conformity with the directions of the statute, the defendant, against the objections of the prosecuting

9.  See 6 R. C. L. 155.

attorney of that county, undertook to control said prosecutions and to disburse said funds. This action was instituted to have determined the right of the defendant, over the objections of the prosecuting attorney, to control said prosecutions and the disbursement of said funds.

The right of the defendant to exercise the powers of a special prosecutor as provided for in Section 2224—45, Or. L., depends upon the constitutionality of that statute which reads as follows: "And whenever any prosecuting officer shall be unable, or shall neglect or refuse, to enforce the provisions of this act, in his county, or where, from any reason whatever, the provisions of this act (the state prohibition law) shall not be enforced in any county, the governor as the executive officer of the state shall appoint as many prosecutors as he may deem necessary, who shall be removable at his pleasure, and these, or either of them, shall be authorized and are hereby authorized to sign, verify, and file all complaints, informations and petitions and other papers, the same as the district attorney is authorized to sign, verify and file, and to do and perform any and all the acts that the said district attorney might lawfully do or perform. The Governor in appointing such assistants shall designate the salary or other compensation which they shall receive."

Article VII of the original Constitution of this state was amended in 1910, and as so amended Section 17, which had formerly been a part thereof, was entirely omitted therefrom. Prior to said amendment that section read as follows: "There shall be elected by districts comprised of one or more counties, a sufficient number of prosecuting attorneys, who shall be the law officers of the state, and of the counties within their respective districts, and shall per-

form such duties pertaining to the administration of law and general police as the legislative assembly may direct.''

Construing this section as it existed prior to said amendment, this court said: ''The district attorney is the law officer of the state, within the limits of his district, with the powers, in the absence of statutory regulation, of the attorney general at common law.'' *State* v. *Douglas County Road Co.,* 10 Or. 198, 201. And in another case this court said: ''The office of prosecuting attorney is provided for, and its duties defined, in part, by Section 17 of Article VII of the Constitution of Oregon. The office therefore cannot be abolished or the constitutional duties thereof abridged by the legislature.'' *State* v. *Walton,* 53 Or. 557, 561 (99 Pac. 431).

Section 2224—45, Or. L., confers upon the Governor the power to appoint special prosecutors to enforce the prohibition law of the state and vests in said appointees the power to prosecute all persons accused of violating the prohibition law. When the powers thus conferred are exercised by the Governor and his appointees it divests the prosecuting attorneys of the state and vests in the appointees of the Governor the power to control the prosecution of that class of criminal actions in the courts of their districts. Prior to the amendment the power to prosecute criminal actions within their districts, regardless of the nature of the charge, was, by Section 17 of Article VII, vested in the duly elected and acting prosecuting attorneys or their deputies.

Since the exercise by the Governor and his appointees of the powers conferred by Section 2224—45, Or. L., would result in depriving those prosecuting attorneys of the state who would be affected thereby

of their constitutional powers and duties under Section 17 of Article VII of the original Constitution, it is clear that the statute referred to is unconstitutional and void unless the provisions of Section 17 of Article VII of the original Constitution have been abrogated or repealed by the amendment of 1910. The 1910 amendment of Article VII of the original Constitution was submitted to the people by initiative petition and was approved by a majority of the votes cast thereon at the general election held on November 8, 1910, and was, on December 3, 1910, proclaimed by the Governor to have been adopted by the people of the state as a part of the Constitution of the state and became effective on the date of said proclamation. As so submitted and as so adopted the amendment itself recited (see L. 1911, p. 7): "Article VII of the Constitution of the State of Oregon shall be and the same is hereby amended to read as follows." This clause designated and identified in clear and unmistakable terms that particular part of the Constitution which was to be amended in case the amendment was adopted. It declared in express terms that if the proposed amendment was adopted Article VII of the Constitution of the State of Oregon should thereafter consist only of those provisions that were set forth and contained in the amendment itself.

It is contended that this clause was a mere caption, title, heading or preamble to the amendment and not a part of the amendment itself, and for that reason should be disregarded in determining the effect of the amendment upon those sections and provisions of Article VII of the original Constitution which were not incorporated into or made a part of the amendment itself. It is true that the clause referred to is

not a part of the amendment and is not to be considered in construing anything contained in the amendment. But it is also true that the office of the clause was to point out in unmistakable terms what portion of the state Constitution, as it then existed, was to be abrogated and repealed and that the proposed amendment, if adopted, should be substituted for the part to be thus abrogated and repealed. That this was the purpose of the clause, that it was so understood by the framers of the amendment and by the public at large and that it had the effect intended, is beyond the possibility of successful controversy.

1. The amendment contains no reference to Section 17 of Article VII of the original Constitution or to any of the provisions thereof, and therefore that section was entirely abrogatetd and repealed, except so far as its provisions were affected by Section 2 of the amendment, which reads as follows: "The courts, jurisdiction and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law." The words "until otherwise provided by law," as used in Section 2 of the amendment, clearly imply that the provisions of Section 17 of Article VII of the original Constitution, if preserved and kept in force by the provisions of Section 2 of the amendment, should thereafter be subject to the legislative will and be controlled by any subsequent valid enactment of the legislature.

The question of whether the provisions of Article VII of the original Constitution which were omitted from Article VII, as amended, and which were not preserved by subdivision 2 of said amendment, were abrogated or are still a part of the present Constitu-

tion of the state, does not seem to have been necessary heretofore for decision, but this question was referred to or incidentally discussed in the following cases: *State ex rel.* v. *Duniway,* 63 Or. 555 (128 Pac. 853); *State ex rel.* v. *Holman,* 68 Or. 546 (137 Pac. 771); *Gibson* v. *Kay,* 68 Or. 589 (137 Pac. 864); *Baskin* v. *Marion County,* 70 Or. 363 (141 Pac. 1014); *State ex Inf.* v. *Holman,* 73 Or. 18 (144 Pac. 429); *Phy* v. *Wright,* 75 Or. 428 (146 Pac. 138); *Yeaton* v. *Barnhart,* 78 Or. 249 (152 Pac. 1192); *Webster* v. *Boyer,* 81 Or. 485 (159 Pac. 1166, Ann. Cas. 1918D, 988).

In the case first cited the question was whether the legislature in 1891 had power, in view of Section 17 of Article VII of the original Constitution, to create the office of attorney general and vest him with power to prosecute or defend actions or suits in which the state was a party or interested. In discussing that question in its relation to the 1910 amendment, the court said: "Article VII, as amended in 1910, omits any reference to this subject, by Section 2 thereof leaving the judicial system as now constituted until otherwise provided by law; therefore, the provisions of Section 17, Article VII of the Constitution, remain in force."

In the second case the question was whether the duty of making a jury list rested with the board of county commissioners or the Circuit Court of Multnomah County under enactments applying to that county. After quoting Sections 9 and 12 of Article VII of the original Constitution, the court said: "Although Article VII was so amended by the plebiscite of November, 1910, as to almost destroy its identity, yet Section 2 of the amendment states that 'the courts, jurisdiction, and judicial system of

Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted, until otherwise provided by law': Page xxiv, L. O. L. It is plain that by the legislation in question a step has been taken in the disintegration of the former system. Confessedly, under the original *régime,* only the County Court could make up a jury-list."

In the third case, which was a .*mandamus* proceeding to compel the state treasurer to pay a warrant issued by the Secretary of State in payment for services rendered the corporation commissioner by an attorney privately employed by him, the court, after quoting Section 17 of Article VII of the original Constitution and Section 2 of the amended Article VII, said: "No law changing the duties and authority of district attorneys having been enacted, they yet remain as defined by the original Constitution.

In the fourth case cited the question was the jurisdiction of this court to entertain an appeal by the defendant county where the notice of appeal was not signed by the district attorney, and after quoting Section 17 of Article VII, the court said: "The doctrine of that excerpt is in force at the present day, no change having been provided by law under the terms of the amended Article VII of the state Constitution."

In the fifth case cited, upon the question of the constitutionality of Chapters 377 and 378, Laws of 1913, the court said: "Article VII, Section 12, of the state Constitution is adequate for the purpose stated, and is not affected by Section 2 of that Article as amended, since such alteration makes no change in the judicial system of Oregon, until some law is enacted on the subject. Even if Article VII, Section 12, became obsolete by the amendment referred to,

there is nothing in the organic act of the state inhibiting the legislative assembly from creating a board of county commissioners for any county in Oregon, and since such power is not expressly forbidden, the authority undoubtedly continues."

The sixth case cited was. a *mandamus* proceeding to compel the county clerk of Union County to issue a certificate of election of a county judge. After quoting Sections 1 and 2 of Article VII as amended, the court said: "Article VII, as amended, contains but 7 sections, while the original article contained 21. sections. The amendment does not expressly repeal any section of the original article, and the other sections remain in force by the language of Section 2 of the Consitution, except so far as they are inconsistent with the amendment," etc.

In the seventh case cited, upon the question of the power of the County Court to order an administrator's sale of real property, the court said: "Section 1 of Article VII of the fundamental law was amended November 8, 1910 (see Laws of 1911, p. 7), but does not alter the clauses quoted until future legislation is had upon the subject, and, no statute for the entire state having been enacted in any of these particulars, these original provisions of the Constitution remain intact."

In the last case cited, the question was whether, under Sections 1 and 2 of Article VII, as amended, a justice court is a court and a justice of the peace a judge within the meaning and intent of the Constitution as amended. In that case this court said: "It will be observed that the sections as amended omit all reference to justices of the peace *eo nomine,* but vest judicial power in the Supreme Court and 'such other courts as may from time to time be pro-

vided by law.' But for the proviso in Article VII, Section 2, the whole system of Circuit Courts, County Courts, and Justices' Courts would have been repealed. If Justices' Courts exist now, it is because they are included among the courts preserved by the terms of Section 2.''

We have set forth at length these various excerpts from the decisions of this court, not because they expressly decide the question involved here but, because they point to the conclusion reached by us in this case, namely, that those provisions of Article VII of the original Constitution which are not included in the amendment are no longer a part of the Constitution of the state, and that such other provisions of Article VII of the original Constitution, as are no longer a part of the present Constitution but are preserved by virtue of the provisions of Section 2 of the amendment, will continue in force only until changed by the legislature.

2. It is contended by the attorney general that the office of prosecuting attorney is a part of the judicial system of the state and comes within the operation of Section 2 of the amendment and as such his powers and duties may be changed by the legislature, while the attorneys for plaintiff contend to the contrary. We do not attach any importance to this controversy so far as it affects the question involved here since, if the office of prosecuting attorney and the provisions of Section 17 of Article VII of the original Constitution come within the operation of Section 2 of the amendment, those powers and duties continue only until changed by the legislature, while if the provisions of Section 17 of Article VII of the original Constitution do not come within the operation of Section 2 of the amendment, then they were

abrogated by the amendment. However, it was the conclusion of this court in the Duniway case and in the case of *Gibson* v. *Kay*, above cited, that the provisions of Section 17 of Article VII of the Constitution remain in force by virtue of Section 2 of the amendment, and with this conclusion we agree. The provisions of Section 17 of Article VII of the original Constitution are in force as a part of the judicial system of the state, except so far as they have been modified by some legislation subsequent to the adoption of the amendment, such as the statute in question here.

3. The Constitution of Oregon is a limitation upon the legislative power of the state and not a grant of legislative power.

4. Except as limited by the state Constitution the legislature may lawfully enact any law not in conflict with the Constitution of the United States.

5. Since the provisions of Section 17 of Article VII of the original Constitution were repealed before the enactment of Section 2224—45, Or. L., and since the office of prosecuting attorney and the powers and duties thereof, as defined by said Section 17, were preserved as then constituted by Section 2 of the amendment, only until otherwise provided by law, the office of a prosecuting attorney, at the time of said enactment, was not a constitutional office protected by constitutional guaranties, but was subject to the valid exercise of the legislative power and hence Section 2224—45 is valid unless it contravenes some other constitutional provision. It is contended that it violates Section 1 of Article III which provides: "The powers of the government shall be divided into three separate departments — the legislative, the executive, including the administrative, and the ju-

dicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this Constitution expressly provided." By Section 1 of Article V the chief executive power of the state is vested in the Governor of the state, and Section 10 of Article V provides: "He shall take care that the laws be faithfully executed.

6. The statute authorizes the Governor, as the executive officer of the state, to appoint one or more prosecutors whenever any prosecuting officer "shall be unable" to enforce the provisions of the prohibition law in his county or shall "neglect or refuse" to enforce them, or "where, from any reason whatever," the provisions of the act are not being enforced. The exercise by the Governor of the power thus conferred is not made to depend upon the neglect or refusal alone of the prosecuting officer to enforce the law. If he neglects or refuses the Governor may appoint, or if there is no neglect or refusal upon his part, and the law is not being enforced, the Governor still may appoint. The prosecuting attorney may be doing everything within his power to enforce the act and still, despite all of his efforts, the act may not be being enforced within his county. Where the lack of enforcement is open and notorious, then it is obvious that the prosecuting attorney neglects and refuses to perform his duty, but where the law is being violated secretly and under circumstances difficult of detection, the prosecuting attorney may be performing his full duty and yet the law not be enforced. The statute does not expressly require the Governor, before acting, to make any investigation or that any fact shall exist except the mere fact that the prohibition law is not being enforced in the county. Whether it is

being enforced or not, in many instances, is purely
a matter of opinion, and being a matter of opinion it
cannot be the subject of judicial decision.   Under the
statute the right to appoint special prosecutors is
made to depend entirely upon the judgment of the
Governor, and it is clear that the legislature in-
tended that his judgment upon this question should
be final and conclusive.   The question of whether
the law is being enforced, not being a judicial ques-
tion, the decision of the Governor thereon and the
exercise by him of the powers conferred is not an in-
vasion of the powers and duties of the judicial de-
partment of the state but the exercise of a power
clearly conferred upon him by the legislative depart-
ment of the state.   In appointing special prosecutors
under this statute, the Governor exercises no judicial
power.   The fact that because of his appointment
criminal actions of one class are to be prosecuted by
his appointees, instead of by the regularly elected
prosecuting attorneys, does not interfere with the
trial of those actions, but simply substitutes one
officer in place of another and places the duty of
prosecuting such actions upon an appointee rather
than upon a prosecuting attorney.   The action of the
Governor in conformity with the statute does not
oust the district attorney from office nor affect his
salary nor, except to the extent provided for by the
statute, interfere with the performance of his duties,
which, since the amendment of 1910, are in all re-
spects subject to statutory regulation.   We do not
think that the statute or the exercise, in conformity
therewith, of the powers thereby conferred, violates
Section 1 of Article III of the Constitution.

7. It is also contended that Chapter 141, Laws of
1915, of which Section 2224—45, Or. L., is a part, is

unconstitutional because in violation of subdivision 3, Section 23, Article IV of the Constitution which provides: "The legislative assembly shall not pass special or local laws in any of the following enumerated cases, that is to say: * * 3. Regulating the practice in courts of justice." We think this contention cannot be sustained for two reasons: first, the statute does not attempt to regulate the practice in courts of justice; and, second, it is not a local law in that it does not operate upon a particular county only, but is applicable to every county in the state where the condition exists for calling forth its exercise. This court, in *In re McCormick's Estate*, 72 Or. 608, 616 (144 Pac. 425), quoted with approval the following definition of the word "practice," as used in this particular subdivision of the Constitution: "Bouvier defines the word 'practice' as 'the form, manner, and order of conducting and carrying on suits or prosecutions in the courts, through their various stages, according to the principles of law and the rules laid down by the respective courts.' * * The word 'practice' means those legal rules which direct the course of procedure to bring parties into court, and the course of the court after they are brought in. * * 'Practice' is defined by Burrill as 'the course of procedure in the courts, which, in a general sense, includes pleadings.' Rapalje and Lawrence define practice as 'the law which regulates the formal steps in an action or other proceeding; which therefore deals with writs, summons, pleadings, affidavits, notices, motions, petitions, orders, trials, judgments, appeals, costs and execution.'" After approving said definition, as given in 6 Words and Phrases, p. 5486, this court said: "From these we deduce the principle that jurisdiction as applied to

courts is power to hear and determine issues of law and fact, which means authority to perform any judicial function. Practice includes the formula by which that power is first asserted and afterward exercised in respect to any litigation in all its phases, until the same is finally completed.''

8. There is no allegation in defendant's answer that the prosecuting attorney of Deschutes County has not been diligent in the enforcement of the prohibition law within his district or that he has ever failed or neglected to perform any official duty. It is stipulated that the Governor, in appointing the defendant, was not acting under the authority of Sections 2698–2703, Or. L., which authorize the Governor, whenever in his opinion the criminal laws of the state are not being faithfully enforced by a district attorney, to lay the facts before the Circuit Court of the district and obtain a hearing thereon and a decision thereof, and if it is found that the district attorney has not faithfully enforced the law, to appoint a special officer to enforce such law. It is contended that these sections and the section we have heretofore considered relate to the same subject matter and should be construed in *pari materia*. While these different statutes are based upon a supposed failure of the district attorney to perform his official duty, they confer upon the Governor two entirely different and dissimilar powers and, we think, authorize the Governor to proceed under either without regard to what is contained in the other. Whether he should pursue the one providing for a hearing is a matter in the discretion of the Governor over which this court has no control.

9. In determining the constitutionality of this statute we are not concerned with the wisdom of this

legislation or of its enforcement by the Governor, as those are matters purely of legislative and executive discretion. If Section 17 of Article VII of the original Constitution had not been repealed the statute would be unconstitutional, but since it has been repealed the statute violates no constitutional provision. The actions of the Governor and his appointee, in conformity to the statute, were authorized, and for that reason this action must fail.

Dismissed without costs to either party.

ACTION DISMISSED.