Argued September 12; affirmed September 19, 1944

# STATE ex rel. JOHNSON v. FARRELL

(151 P. (2d) 636)

Before BAILEY, Chief Justice, and BELT, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Jay Bowerman,* of Portland (W. S. U'Ren, of Portland, on the brief), for appellant.

*George Neuner,* Attorney General, and *Rex Kimmel,* Assistant Attorney General, for respondent Robert S. Farrell Jr., Secretary of State for Oregon.

*Roy Hewitt,* of Salem (Harry G. Hoy and Elton Watkins, both of Portland, on the brief), for respondents Nellie Mabel Grewell, Henry C. Menasco and Joseph A. Williams.

This is a suit commenced in the Circuit Court for Marion County by the State of Oregon on the relation of T. Lester Johnson, as district attorney for

Sherman County, to enjoin the secretary of state from certifying on the official ballot at the next general election the ballot title and number of a certain initiative measure containing a proposed amendment to the state constitution.

The basis for the relief sought, as alleged in the complaint, is that the petition is legally insufficient because the measure contains two or more amendments which are not so submitted that they can be voted on separately, in violation, it is charged, of Article XVII of the constitution.

The defendants, the secretary of state and certain individuals alleged to be sponsors and circulators of the initiative petition, demurred to the complaint on the following grounds: (1) That the court has no jurisdiction of the subject of this suit; (2) That the plaintiff has no legal capacity to sue; (3) That the complaint does not state facts sufficient to constitute a cause of suit, or to entitle the plaintiff to the relief prayed for, or to any relief.

The circuit court sustained the demurrer on the ground that the requirement in Article XVII of the constitution of separate submission of separate amendments did not apply to initiative petitions, but only to constitutional amendments proposed by the legislative assembly; and, the plaintiff having elected to stand on the complaint, a decree of dismissal was entered from which this appeal has been taken.

LUSK, J.

■ It is with extreme regret that the court has come to the conclusion that it is without jurisdiction to pass upon the merits of the controversy and must affirm the decree of the court below on the ground

that, in our opinion, the district attorney of Sherman County is without power or authority to come into Marion County and, as relator, commence a suit on behalf of the state of Oregon. The questions presented affecting the proper and lawful exercise of the power reserved in the people of amending their constitution through the exercise of the initiative are of the gravest importance. The proposed amendment would impose a tax of three per centum per annum (in certain contingencies the rate may be increased up to five per centum) on all gross incomes, with certain stated exceptions, in order to provide a fund out of which to pay to all citizens of the state who shall have reached the age of sixty years and are otherwise eligible under the provisions of the measure, and also to certain disabled persons, a minimum monthly sum of $60.00. It is claimed—and certainly not without reasons which would demand most careful examination of the contention were the case properly before us—that, in addition to what seems to be its principal objects, the measure contains other matters entirely foreign thereto and which actually would constitute amendments separate and apart from the imposition of the proposed tax for the purpose stated. It cannot be denied that, as submitted, these separate amendments, if they are such, must all be voted on together as one. It is conceded that, under Article XVII of the constitution, it is unlawful to submit separate amendments proposed by the legislative assembly in such a way that they cannot be voted on separately. It was likewise conceded upon the argument that the evils of such a practice are no less in the case of amendments sought through the initiative than in the case of legislatively-proposed amendments. But it is con-

tended that Article XVII, properly construed, does not control the exercise of the initiative in that regard, and here again the question is one not to be lightly resolved.

But of scarcely less consequence is the contention of the defendants that the district attorney of Sherman County has no capacity to commence this suit. The statute which authorizes maintenance of a suit of this kind is § 81-2105, O. C. L. A. It provides that "the circuit court of Marion County shall have jurisdiction in all cases of measures to be submitted to the electors of the state at large". While not so alleged in the complaint, we think that we are warranted in saying, on the basis of statements of the attorney general in his brief and on the argument, that the district attorney for Marion County was requested by counsel for the plaintiff to commence the suit but declined to do so, and that it was in those circumstances that the district attorney for Sherman County appeared in Marion County as the relator herein.

The question for decision is whether he has that authority outside of his own district. We think that he has not.

Original Article VII, § 17 of the constitution, provided:

"There shall be elected by districts comprised of one or more counties, a sufficient number of prosecuting attorneys, who shall be the law officers of the state, and of the counties within their respective districts, and shall perform such duties pertaining to the administration of law and general police as the legislative assembly may direct."

██ It has been determined that these provisions remain in force notwithstanding the amendment of Ar-

ticle VII in 1910, except in so far as they have been modified by legislation subsequent to the adoption of the amendment. *State v. Farnham,* 114 Or. 32, 43, 234 P. 806; *Gibson v. Kay,* 68 Or. 589, 593, 137 P. 864; *State v. Duniway,* 63 Or. 555, 560, 128 P. 853. We have been referred to no subsequent legislation, and we know of none, modifying the section in any particular bearing on the question before us. At least, we know of no such legislation which can be said in any degree to enlarge the territorial jurisdiction of district attorneys. It was held in *State v. Farnham,* supra, that the office of district attorney is no longer a constitutional office, and that, therefore, the statute authorizing the governor to appoint prosecutors to enforce the provisions of the state prohibition laws in counties where that law was not being enforced was valid, and an action brought by the district attorney of Deschutes County to oust a prosecutor so appointed by the governor was dismissed.

■ There is a statute conferring on the governor somewhat similar powers in the case of failure faithfully to execute and enforce any of the criminal laws of the state. §§ 90-106 to 90-113, both inclusive, O. C. L. A. These provisions, obviously, are a limitation, rather than an extension, of the powers of district attorneys.

The statutes prescribing the duties of district attorneys are contained in Ch. 9, Title 93, O. C. L. A. Among other things they provide as follows:

"The district attorney in each district is the public prosecutor therein." § 93-903, O. C. L. A.

"He shall attend the terms of all courts having jurisdiction of public offenses within his district, and conduct, on behalf of the state, all prosecutions for such offenses therein." § 93-904, O. C. L. A.

"He shall prosecute for all penalties and forfeitures to the state, which may be incurred in any county in his district, and for which no other mode of prosecution and collection is expressly provided by statute, and in like case, prosecute or defend, as the case may be, all actions, suits, or proceedings in any county in his district to which the state or such county may be a party." § 93-906, O. C. L. A.

These sections were enacted in 1862, five years after the adoption of the constitution and have never been expressly amended. If there have been implied amendments, such, for example, as the statute considered in *State v. Farnham,* supra, none of them, as we have said, have enlarged the territorial jurisdiction of the district attorneys.

■ At an early day this court, construing § 17 of Article VII of the constitution, said:

"The district attorney is the law officer of the state, within the limits of his district, with the powers, in the absence of statutory regulation, of the attorney general at common law." State v. Douglas County Road Co., 10 Or. 198, 201.

This construction of the constitution, announced in 1882, has been more than once approved. *Watts v. Gerking,* 111 Or. 641, 665, 222 P. 318, 228 P. 135, 34 A. L. R. 1489; *State ex rel. v. Duniway,* supra, 63 Or. at p. 561; *State ex rel. v. Metschan,* 32 Or. 372, 46 P. 791, 53 P. 1071, 41 L. R. A. 692; *State ex rel. v. Lord,* 28 Or. 498, 528, 43 P. 471, 31 L. R. A. 473; and has never, to our knowledge, been departed from.

The statutes we have set out prescribing the duties of district attorneys conform to the view taken by this court of the meaning of the constitutional provision,

and may be said to amount to a legislative construction thereof. Their constitutionality, so far as we are advised, has never been questioned; but, if Article VII, § 17, means that district attorneys are law officers of the state everywhere in the state, these provisions would seem clearly to have been in violation of that section as long as it remained part of the constitution. For they confine the district attorney strictly to the counties within his district, and, at the same time that they delineate his duties, limit his authority. The requirement of § 93-906, O. C. L. A., that he shall "in like case, prosecute or defend, as the case may be, all actions, suits, or proceedings in any county in this district to which the state or such county may be a party", is inconsistent with the claim that he may go outside of his district, to inaugurate, in his official capacity, a case in which the state is a party. If he may do so in this case, what becomes of the authority of the district attorney of Marion County, who is likewise charged by the statute with the duty of prosecuting and defending cases in his county to which the state is a party? The authority conferred upon the district attorney of a particular county to represent the state in that county, in our opinion, excludes the idea that a district attorney may invade the territory of another and there take over the litigation of the state.

Until 1891 there was no office of attorney general in Oregon, and the only law officers of the state were the district attorneys provided for by the constitution. Under the plaintiff's contention each of these district attorneys would have been a law officer at large, with power to represent the state throughout its entire length and breadth and in every part of it. Each of them would have been a sort of attorney

general, having coordinate, state-wide authority with all the others. It is difficult to believe that a system so incongruous and so likely to lead to clash of authority was within the contemplation of the framers of the constitution.

■■■ Nor is there anything in the nature of the present cases which would warrant it in being treated as covered by some sort of exception. It purports to be "a suit by the state in its sovereign capacity, as the guardian of the rights of the people, instituted by its executive law officers", *State ex rel. v. Metschan,* supra, 32 Or. at p. 384. It has been determined that such a suit to enjoin the secretary of state from certifying an initiative petition can be instituted on the relation of the district attorney for Marion County, the only county in which, under the statute, the suit can be maintained. *State ex rel. v. Olcott,* 62 Or. 277, 125 P. 303. See, also, *State ex rel. v. Snell,* 155 Or. 300, 60 P. (2d) 964. The suit cannot be brought on the relation of a citizen, but only by the state "through its proper law officer", *Friendly v. Olcott,* 61 Or. 580, 587, 123 P. 53; *State ex rel. v. Metschan,* supra, 32 Or. at p. 384; *State ex rel. v. Lord,* supra, 28 Or. at p. 526. The district attorney, in his own district, is deemed "the proper law officer", because, in the absence of statutory regulations, he "possesses the power of the attorney general at common law." *Watts v. Gerking,* supra; *Gibson v. Kay,* supra, 68 Or. at p. 594; *State ex rel. v. Duniway,* supra; *State v. Guglielmo,* 46 Or. 250, 257, 79 P. 577, 80 P. 103, 69 L. R. A. 466, 7 Ann. Cas. 976; *State ex rel. v. Lord,* supra, 28 Or. at p. 528. But, whatever powers of attorney general it may be competent for the district attorney to exercise, they are of necessity confined within the territorial limits of his dictrict, for the con-

stitutional provision (now in force as a statute) creating the office, and the statutes defining his authority, apply equally to all his acts in his capacity as district attorney. This is not to say that it is beyond the authority of the district attorney to represent the state in a proper case in the Supreme Court, a question not presented and as to which we express no opinion.

Counsel for the plaintiff have cited a number of cases upon this question, but we can find nothing in any of them which supports their contention. We have already in this opinion referred to all the cases upon which they rely, except *State v. Pennoyer,* 26 Or. 205, 37 P. 906, 41 P. 1104, 25 L. R. A. 862, which is cited with the others to the proposition that "this case could only be brought upon the relation of the state through one of its prosecuting attorneys, and not by a citizen". The latter part of the statement is correct and is supported by *State v. Pennoyer,* supra; *Friendly v. Olcott,* supra; and other decisions. But neither of those cases, nor any of the others to which counsel for the plaintiff have called our attention, holds or even suggests that the prosecuting attorney of a county, other than that in which the suit is brought, has any legal capacity to bring it. The language of the opinions, as we have already observed, is that the suit can only be brought by the state "through its proper law officer", and in no previous cases has the contention been made that "the proper law officer" is the prosecuting attorney of a different county than the county where the case is triable. Where the right to maintain the suit has been sustained the relator has been the district attorney of the district or county in which the suit was commenced. *State ex rel. v. Snell,* supra; *State ex rel. v. Olcott,* supra; *State ex rel. v. Metschan,* supra.

Our conclusion conforms, we think, to the general understanding of the members of the profession and the courts upon this question. The authority of Mr. Justice Brown, who served for many years as prosecuting attorney and attorney general, as well as a member of this court, is entitled to the greatest weight. It was he who wrote the opinion in *Watts v. Gerking,* supra, where the following language is used:

"The defendant R. I. Keator (the district attorney) is one of the law officers of the State of Oregon. His jurisdiction is confined to the limits of Umatilla County."

Our decision likewise is in harmony with the prevailing rule throughout the country that "the powers and duties of prosecuting attorneys are ordinarily confined to their respective counties or districts, in the absence of any statute extending their territorial jurisdiction." 42 Am. Jur., Prosecuting Attorneys 241, § 9.

For the foregoing reasons the decree of the circuit court dismissing the suit must be affirmed.