Argued and submitted March 28, affirmed May 12, reconsideration denied
June 12, petition for review allowed December 9, 1980

STATE OF OREGON,
*Respondent,*
*v.*
LEROY OGLE,
*Appellant.*

(No. J79-1308, CA 15826)

610 P2d 1242

Dean Heiling, Roseburg, argued the cause for appellant. With him on the brief was Heiling & McIntosh, Roseburg.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

**RICHARDSON, P.J.**

Defendant appeals his conviction of driving while his operator's license was suspended, a felony, ORS 487.560. The sole issue on appeal is whether prosecution of that charge is barred on the ground of former jeopardy. Oregon Constitution, Article I, Section 12; ORS 131.515(2).

On May 17, 1979, defendant was arrested while driving a motor vehicle in the city of Myrtle Creek and was issued three traffic citations. The citations charged, respectively, driving under the influence of intoxicants, ORS 487.540(1)(b); driving with more than .10 percent alcohol in his blood, ORS 487.540(1)(a); and driving while suspended, ORS 487.560, all alleged to be violations of state statutes. The two alcohol related charges were filed in the Myrtle Creek Municipal Court and the driving while suspended charge was filed in the district court.

On June 7, 1979, defendant was arraigned in the district court on a District Attorney's Information charging the felony of driving while suspended. Defendant waived a preliminary hearing and was bound over to the circuit court.

On June 13, 1979, the district attorney filed an accusatory instrument in the circuit court charging defendant with all three offenses. On that same day a representative from the district attorney's office called the Myrtle Creek Municipal Court and requested that the two charges against defendant, filed in that court, be dismissed. Neither the city attorney, the defendant nor defendant's attorney were notified of the request for dismissal. The charges were not dismissed and the district attorney's office did nothing further respecting that request.

On June 15, 1979, defendant was prosecuted on the two alcohol related charges in the municipal court by the city attorney. He was convicted and sentenced on the charge of driving while under the influence of intoxicants, ORS 487.540(1)(b).

On June 18, 1979, defendant was arraigned in the circuit court on the three charges reflected in the accusatory instrument filed by the district attorney on June 13, 1979. He moved for dismissal of all three charges on the basis of *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). The court dismissed the two alcohol related charges. Defendant was convicted, after trial to the court on stipulated facts, of felony driving while suspended.

Defendant argues the felony charge should have been dismissed pursuant to *State v. Brown, supra,* which held

"* * *[t]hat under Article I, Section 12, of our constitution, a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." 262 Or at 457-58.

The state agrees that the three charges arose out of the same act or transaction, that all the charges could have been tried in the circuit court and that the district attorney was aware of the factual basis of all three charges prior to the first prosecution. Defendant argues that all the elements of the test set forth in *Brown* were factually met and the charge should have been dismissed. On first blush, a reading of the test in *Brown,* in relation to the facts of this case, would seem to dictate the result sought by defendant. However, a closer analysis of *Brown* and its progeny leads us to conclude that the trial court was correct in denying the motion to dismiss.

In *Brown,* the Supreme Court, after setting forth the elements of the test, said:

"Applying this test to the present case, we hold that defendant's plea of double jeopardy should have been allowed. It was stipulated that the two charges were based on a single act— carrying a concealed pistol. The first charge, as well as the second, could

have been tried in the circuit court. The district attorney, *who had the right to control the prosecution in the district court,* was aware of defendant's prior felony conviction.* * *" (Footnotes omitted.) (Emphasis added.) 262 Or at 458.

Subsequent to the decision in *Brown* the legislature purported to codify Oregon's double jeopardy rules in ORS 131.515:

"* * * * *

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the *appropriate prosecutor* at the time of commencement of the first prosecution and establish proper venue in a single court.

"* * * * *." (Emphasis added.)

In *State v. Hammang,* 271 Or 749, 534 P2d 501 (1975), the Supreme Court held the state was not barred under ORS 131.515(2) from prosecuting the defendant for murder after he had pleaded guilty to theft of the murder weapon allegedly arising out of the same criminal episode. In the course of the opinion the court said:

"It is true that a prosecution following a plea of guilty subjects the defendant to two proceedings and two convictions, but the danger of undue harassment seen in *State v. Brown* is not present because the first proceeding resulting in a guilty plea *is initiated by the defendant himself and not by the state.* * * *" (Emphasis added.) 271 Or at 756.

The rationale of the principle announced in *Brown,* and codified in ORS 131.515, is to prevent undue harassment of a defendant by multiple trials on the several charges arising from a single criminal transaction, *State v. Hammang, supra.* Neither the constitutional principle of former jeopardy nor the statute prohibit the prosecutor from charging and trying a defendant for several offenses arising from a single transaction. What is controlling is the timing of the prosecution, i.e., the offenses must be united in one prosecution unless waived by the defendant. *See State*

[113]

*v. Shields,* 280 Or 471, 571 P2d 892 (1977). Implicit in the principle and its rationale is the requirement that the prosecutor take the necessary steps to combine the charges in a single prosecution. It follows, if a prosecutor is unable to lawfully move for consolidation he should not be prevented from proceeding on the charge that is within his control.

In *Brown,* the Supreme Court, in applying the rule previously set out in the opinion, said both charges, the misdemeanor filed in the district court and the felony filed in the circuit court, were under the control of a single prosecutor. He could thus have sought consolidation of the charges in the circuit court which had jurisdiction to try both offenses. In *Hammang,* the court based its holding, in part, on the fact that the prosecutor had not initiated a trial against defendant in the first proceeding resulting in defendant's plea. This indicates that the prosecutor must have some hand in initiating multiple prosecutions, and, conversely, the right to seek consolidation.

ORS 131.515(2) bars multiple trials of charges arising from the same transaction if the "several offenses are reasonably known to the *appropriate prosecutor.*" The appropriate prosecutor would be the one who has sufficient control of the multiple charges to be able to consolidate them for trial. If he has no such control or authority, he is powerless to do anything about the reasonable knowledge he possesses.

In this case the alcohol related charges, brought under state statute, were filed and tried in the municipal court which had jurisdiction, ORS 484.030(2). The prosecution of these offenses was in the control of the city attorney, ORS 484.030(3), and not the district attorney, ORS 8.660. The three offenses could not have been consolidated for trial in the municipal court because that court did not have jurisdiction of the felony charge. ORS 484.030(2). The city attorney, who had control of prosecution of two of the three offenses, could not seek consolidation. He

could have moved for dismissal of the charges and deferred to the district attorney the prosecution of all charges in the circuit court. However, he was under no legal obligation to do so. The district attorney had no authority to require the city attorney to seek dismissal or to appear as counsel for the state in the municipal court and move for dismissal. Under the circumstances of this case the state is not barred by ORS 131.515 or *State v. Brown, supra,* from prosecuting defendant on the felony charge.

Affirmed.