Argued and submitted January 7, petition dismissed July 8,
rehearing denied July 21, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## LEROY OGLE,
*Petitioner.*

(TC J79-1308,  CA 15826,  SC 27079)

630 P2d 865

Dean Heiling, of Heiling & McIntosh, Roseburg, argued the cause and filed a brief for petitioner.

Rudolph Westerband, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and W. Benny Won, Assistant Attorney General.

PER CURIAM.

**PER CURIAM.**

Defendant appealed from a circuit court conviction for driving while his operator's license was suspended (DWS), ORS 487.560. He assigned as error the court's refusal to dismiss prosecution because the defendant had previously been convicted in municipal court of another offense which was charged against him on the same occasion, driving under the influence of intoxicants, ORS 487.540(1)(b). The Court of Appeals affirmed the DWS conviction. 46 Or App 109, 610 P2d 1242 (1980). We allowed review to consider whether the Court of Appeals misapplied statutory and constitutional rules of former jeopardy.

ORS 131.515 requires that charges based on a single criminal episode be joined for prosecution if the offenses are "reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."[1] *See also State v. Brown*, 262 Or 442, 497 P2d 1191 (1972). ORS 484.395 excludes application of ORS 131.515 "if a person commits both a crime and a traffic infraction as part of the same criminal episode."[2] The effect of ORS 484.395 was not raised or briefed by either party. The record shows that the violation of ORS 487.540(1)(b) was charged against defendant as a crime (alleging similar convictions within the preceding five years, ORS 484.365),[3] but the record does not

---

[1] ORS 131.515:

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and estáblish proper venue in a single court."

. . .

[2] ORS 484.395:

"(1) Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. However, evidence of the first conviction shall not be admissible in any subsequent prosecution for the other offense."

[3] ORS 484.365:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in

show whether the municipal court judgment was a conviction for a crime as charged or only for a noncriminal infraction.[4] The judgment was not introduced into evidence in the circuit court case.

This prevents a proper analysis of the statutory law governing this case, and we do not decide the constitutional validity of a statutory scheme when the record leaves the law applicable to the case before us in doubt. Accordingly, we express no view on the correctness or incorrectness of the opinion of the Court of Appeals. Under the circumstances, the petition must be dismissed as improvidently allowed.

Petition dismissed.

---

subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense.

. . .

"(3) As used in this section, 'traffic crime' means:

"(a) Driving while under the influence of intoxicants.

. . .

"(4) As used in this section, 'traffic crime' means:

. . .

"(b) Driving a motor vehicle while suspended or revoked."

[4] Under *Brown v. Mult. County Dist. Ct.,* 280 Or 95 570 P2d 52 (1977), defendant would have the procedural protections applicable to criminal trials in either event, but this would not affect the interpretation and interrelation of ORS 484.365 and ORS 484.395.