## STATE OF OREGON,
*Respondent on review,*

*v.*

## LORI JO McGILCHRIST,
*Petitioner on review.*

## (TC CR 81-10268, CA A21544, SC 28679)

657 P2d 681

Helga Kahr, Portland, argued cause and filed brief for petitioner on review.

Stephen Peifer, Assistant Attorney General, Salem, argued cause and filed brief for respondent on review. With him on brief were Dave Frohnmayer, Attorney General, and William Gary, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

We allowed defendant's petition to review the reversal of an order of the district court that dismissed an assault charge against defendant as barred by a former prosecution based on the same criminal episode. ORS 131.515(2).[1] We take the facts from the opinion of the Court of Appeals:

"Defendant was charged in the district court of Clackamas County with assault in the fourth degree on January 27, 1981, and was served on February 12, 1981, with a uniform traffic citation charging her in Milwaukie Municipal Court with driving under the influence of intoxicants. Both offenses occurred on January 14, 1981, when defendant, while driving her automobile, struck a pedestrian. She pled guilty to the DUII charge and then moved in the district court to dismiss the assault charge on the ground that the state was barred from prosecuting her under the terms of ORS 131.515(2). That motion was granted, giving rise to this appeal."

57 Or App at 88 (footnote omitted). The Court of Appeals continued by stating that it could not determine from the record whether the DUII charge to which defendant pled guilty was a misdemeanor or only a traffic infraction to which ORS 131.515(2) would not apply.[2] The court therefore reversed the dismissal and remanded the assault charge for trial.

We faced a similar, but distinguishable, problem in *State v. Ogle,* 291 Or 364, 630 P2d 865, *cert den* 454 US 1054, 102 S Ct 599, 70 L Ed 2d 590 (1981), in which we had allowed a defendant's petition to review a decision by the Court of Appeals that a prosecution for driving while

---

[1] ORS 131.515(2):

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

[2] ORS 153.585(1), formerly ORS 484.395(1):

"Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. However, evidence of the first conviction shall not be admissible in any subsequent prosecution for the other offense."

defendant's operator's license was suspended was not barred by a prior prosecution for driving under the influence of intoxicants on the same occasion. We dismissed the petition as improvidently allowed because we could not determine from the record whether ORS 484.395, *supra,* would apply, and we could not reach a constitutional claim of double jeopardy when the statutory issue could not be decided. 291 Or at 367.

In this case, too, the record does not show whether defendant's prior conviction was of a misdemeanor or an infraction. But the procedural position is the reverse of that in *State v. Ogle, supra.* That was an appeal by defendant from a judgment of conviction after the trial court had ruled against his motion to dismiss the second prosecution. The present case is an appeal by the state from the trial court's ruling dismissing the second prosecution. Because implicit in this ruling was the trial court's view that the first charge was criminal in character, it was incumbent upon the state to challenge that predicate for the trial court's ruling if the state believed it erroneous or contrary to the record.[3] The state did not do so either in the trial court or on appeal. *Compare State v. McMurphy,* 291 Or 782, 635 P2d 372 (1981) (state could not belatedly attack an inference which it had not questioned in the trial court).

The state instead rests its argument against applying ORS 131.515 on the contention that the district attorney, who prosecuted the assault charge, was not the "appropriate prosecutor" within the meaning of ORS 131.515(2) because his authority did not extend to preventing the first prosecution in the municipal court. The argument is not compelling. The state concedes not only that the two charges were based upon the same criminal episode but that they could have been tried in the same court and were known to the district attorney before the first proceeding. Moreover, unlike the felony charge in *Ogle,* the misdemeanor charge here could have been tried in the municipal

---

[3] The Court of Appeals mentioned that the district court's finding referred to the charge to which defendant pled guilty by the term "traffic offense" rather than "traffic crime," but nothing can be inferred from that. The term "offense" by definition is any "conduct" for which a sentence to a term of imprisonment or to a fine is provided by any law of this state. . . . An offense is either a crime or a violation or an infraction." ORS 161.505.

court as well as in the district court. There was no legal obstacle to carrying out the statutory objective of consolidating charges arising from the same criminal episode. Whether or not a district attorney can compel a city attorney to cooperate in the required consolidation, a question on which we express no opinion, this does not rise to the level of relieving the state of responsibility for avoiding consecutive prosecutions. In *Waller v. Florida,* 397 US 387, 90 S Ct 1184, 25 L Ed 2d 435 (1970), the Supreme Court laid to rest the theory that a state could avoid that responsibility by treating its municipal or other subdivisions as "separate sovereigns." We doubt that the legislature intended a contrary result under ORS 131.515(2), once the facts giving rise to two or more potential charges are known to a prosecutor who can prosecute them in the same court. *Cf. State v. Knowles,* 289 Or 813, 822-23, 618 P2d 1245 (1980), reviewing the legislative history of the term "appropriate prosecutor."

As the state relied only on the theory stated above and made no issue of the district court's implicit characterization of the prior charge against defendant, the Court of Appeals erred in reversing that court's dismissal of the subsequent charge arising from the same episode. The decision of the Court of Appeals is reversed and the district court's order is affirmed.