Argued and submitted March 21, affirmed June 6, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## SHIRLEY ANN WILLIAMSON,
*Appellant.*

(83-60553; CA A29528)

681 P2d 1191

Dorothy J. Morey, Eugene, argued the cause for appellant. With her on the brief was Anderson & Morey, Eugene.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

On April 22, 1983, defendant was taken into custody by an Oregon State trooper for driving under the influence of intoxicants. One hour later, during a jail inventory, a small quantity of marijuana was found in her purse. She was cited for unlawful possession of less than an ounce of marijuana. On May 16, 1983, she pled guilty to that offense. On August 2, 1983, she was tried and convicted of driving under the influence of intoxicants. All evidence about the possession of marijuana was excluded. During the trial, defendant moved to dismiss the state's complaint on the grounds of statutory former jeopardy, ORS 131.515(2).[1] She claimed that the earlier conviction for possession of less than an ounce of marijuana barred the subsequent prosecution for DUII. The trial court found that the two offenses were not part of the same transaction and denied the motion. We affirm.

In *State v. Paquin*, 55 Or App 676, 639 P2d 694, *rev den* 292 Or 863 (1982), we held that the defendant's conviction for reckless driving did not bar a subsequent prosecution for possession of a controlled substance and unlawful possession of a concealed weapon merely because the charges coincided in time and the arrest for reckless driving led to the other charges. ORS 131.505(2) bars subsequent prosecution only where some element of one offense is necessary to be proved in the prosecution of the other offense. 55 Or App at 681. In this case, we conclude that none of the elements of possession of less than an ounce of marijuana was necessary to be proved for the charge of driving under the influence of intoxicants. The offenses are independent, and ORS 131.515(2) does not require that the DUII charge be dismissed for failure to join it with the possession charge.

Defendant claims that the trooper's testimony at her trial for possession that she believed defendant was under the influence of some drug other than liquor somehow requires a different result. We are not persuaded. Regardless of whether

---

[1] ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and estalish proper venue in a single court."

the testimony was properly admitted, that evidence was not relevant to prove any element of the crime of possession. *See State v. Crumal,* 62 Or App 156, 161, 659 P2d 977 (1983). The trial court properly denied the motion to dismiss.

Affirmed.