Argued and submitted March 20, reversed and remanded June 27, 1984

## STATE OF OREGON,
*Appellant,*

*v.*

## MARK C. ANTHONY,
*Respondent.*

(J83-1775; CA A29787)

683 P2d 559

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Jack L. Banta, Roseburg, waived appearance for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals a pretrial order dismissing the indictment on former jeopardy grounds. We reverse.

Defendant was arrested for driving under the influence of intoxicants on April 5, 1983, and was taken to the Canyonville police station. At the police station, he struggled with a police officer and damaged some property. As a result, he was charged with criminal mischief. During the subsequent booking process, a transparent vial containing a powdery substance was seized from defendant. The vial was sent to the State Police crime laboratory for analysis of its contents.

Defendant was cited to appear in the Canyonville Justice Court on the charges of criminal mischief and driving under the influence of intoxicants. He appeared on April 11, 1983, without counsel and pleaded guilty to the criminal mischief charge and signed a diversion agreement on the driving under the influence charge.

On May 4, 1983, the State Police crime laboratory sent a report to the Canyonville police department stating that the substance in the vial was cocaine. A copy of the report was sent to the district attorney. On May 10, 1983, the Canyonville Justice Court issued an information of felony on application of a Canyonville police officer, charging defendant with possession of cocaine.

On June 13, 1983, defendant was arraigned in justice court on the information of felony and subsequently contacted an attorney. At the request of defendant's counsel the case was forwarded to the district attorney. The present indictment was returned on July 20, 1983. Defendant moved to dismiss the indictment before trial on former jeopardy grounds. During the hearing on the motion, his counsel acknowledged that the district attorney had no actual knowledge of the case until the file was forwarded to the district attorney's office after June 13, 1983.

The only argument advanced by the state in opposition to the motion in the trial court was that the offenses for which defendant was charged were not reasonably known to the district attorney when defendant appeared in the justice

court.[1] The court, in granting defendant's motion, found that the district attorney did not have actual knowledge of the charges but held that, under *State v. McGilchrist,* 294 Or 473, 657 P2d 681 (1983), prosecution of the drug charge was barred under ORS 131.515(2).

In *McGilchrist* the defendant was charged with driving under the influence of intoxicants and assault in the fourth degree. Both charges arose out of the same criminal episode. The driving offense was filed in the municipal court and the assault charge in the district court. The defendant appeared in municipal court and pleaded guilty to the driving offense. The district court subsequently granted the defendant's motion to dismiss the assault charge under ORS 131.515(2). The state contended on appeal that, because the charge in the municipal court was prosecuted by the city attorney, the district attorney was not the appropriate prosecutor under ORS 131.515. It was conceded by the state that the district attorney knew of both charges when the defendant appeared and pleaded guilty in the municipal court. The Supreme Court held that the district attorney was the appropriate prosecutor and that prosecution of the assault charge was barred by ORS 131.515(2). It was unnecessary to address the appropriate prosecutor's knowledge. *McGilchrist* is not authority to resolve the precise issue presented here.

*State v. Knowles,* 289 Or 813, 618 P2d 1245 (1980), is the dispositive authority. In that case a state police officer found the defendant in the woods in possession of a freshly killed elk and a deer. The officer cited the defendant for illegal possession of the elk. He did not cite him for possession of the deer, because he wished to consult with his superior officer. The defendant appeared two days later in the justice court and entered a plea of guilty to the charge for which he had been cited. Approximately a month later the officer "swore out a felony complaint" against the defendant for possession of the deer. ORS 496.992(3). He was subsequently charged in the

---

[1] The state concedes that it did not raise the issue whether the charges arose out of the same transaction. We therefore decline to address that issue. *State v. Hickmann,* 273 Or 358, 540 P2d 1406 (1975). Although it is doubtful that the drug charge arose out of the same transaction as the other two charges, *State v. Williamson,* 68 Or App 569, 681 P2d 1191 (1984), we express no opinion on that issue.

circuit court for the offense by a district attorney's information of felony. On the defendant's motion, the circuit court dismissed the felony charge on former jeopardy grounds.

The Supreme Court reversed dismissal of the charge on the ground that there was no evidence that the district attorney had actual knowledge of the various charges when the first prosecution commenced. The statute, ORS 131.515(2), the court held, relates to the knowledge of the appropriate prosecutor and not that of the police officer. In the case here under review defendant concedes that the prosecutor did not know of the several charges when defendant appeared in the justice court and entered a plea of guilty.

Reversed and remanded for trial.