Filed: May 24, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

STATE OF OREGON,

Plaintiff-Adverse Party,

v.

DYLAN CHARLES McDOWELL,

Defendant-Relator.

(CC C120639CR; SC S060295)

En Banc

Original proceeding in mandamus.*

Argued and submitted May 9, 2012.

Eric M. Buchér, Buchér and Greenspan P.C., Portland, argued the cause and filed the petition for defendant-relator.

Jennifer S. Lloyd, Assistant Attorney General, Salem, argued the cause and filed the memorandum in opposition for the plaintiff-adverse party. With her on the memorandum were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

LANDAU, J.

The petition for a peremptory or alternative writ of mandamus is allowed. A peremptory writ of mandamus shall issue.

*On petition for a writ of mandamus from an order of Washington County Circuit Court, Kirsten Thompson, Judge.

LANDAU, J.

Relator, defendant Dylan Charles McDowell, petitioned for a peremptory or alternative writ of mandamus compelling his release pending trial. He contends that he is entitled to release under ORS 136.290, which provides, in part, that a criminal defendant "shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest." According to relator, he was indicted, arrested, and then held more than 60 days, when the state dismissed the charges and released him. Several days later, however, the state reindicted him on the same charges and arrested him again. He contends that the 60-day statutory deadline has run and that the circuit court erred in denying his motion to be released under ORS 136.290. The state contends that the court did not err in denying relator's motion, because the statutory 60-day deadline recommenced upon his rearrest. We agree with relator and issue a peremptory writ of mandamus ordering the trial court to release relator immediately, subject to such terms and conditions as the court deems appropriate.

The relevant facts are not in dispute. On July 24, 2011, relator was arrested for first-degree assault and unlawful use of a weapon arising out of an incident that occurred earlier that day. The following day, he was charged by information in Washington County Circuit Court Case No. C111574CR, and, on August 1, 2011, he was indicted by a grand jury. Trial originally was set for September 21, 2011, but was reset three times, once at the behest of the relator and twice at the behest of the state. The state sought a third reset, but the trial court denied that motion. On March 16, 2012, at the docket call before the scheduled trial date, the state reported that it was not ready to

1

proceed.  The trial court dismissed the charges under ORS 136.120,[1] and relator was released from custody.

Four days later, on March 20, 2012, a grand jury indicted relator on the same charges in Washington County Circuit Court Case No. C120639CR, and, on March 24, 2012, relator was arrested on the new indictment.  That new indictment charges relator with precisely the same offenses as did the original, based on the same incidents and the same victim.

On April 9, 2012, defendant moved for release under ORS 136.290.  Relator argued that he already had been held in custody more than 230 days following his initial arrest, plus an additional 16 days following the second arrest on the same charges.  The total, he argued, far exceeds the 60-day limit prescribed by the statute, and "[t]he 60-day rule does not start over by simply recharging a defendant with the same offenses under a new case number."  The trial court denied the motion, concluding that relator's most recent arrest triggered a new 60-day period under the statute.

Relator then filed his petition in this court for a peremptory or alternative writ of mandamus, asserting that ORS 136.290 requires his release and reprising his argument that he has been held in custody well beyond the 60-day limit that the statute imposes.  The state responds that, although it is true that the statute provides that a

---

[1]    ORS 136.120 provides, in part: "If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed[.]"

defendant may not be held more than 60 days following "arrest," the relevant arrest is the most recent one, concerning the indictment on which defendant will actually be tried. Because relator cannot be tried on the earlier indictment, the state argues, the arrest on that indictment is irrelevant, and the more recent arrest triggers a new 60-day period under the statute.

Thus, the question before us is whether the 60-day time limit for pretrial custody provided in ORS 136.290 begins anew when a defendant is released from custody after dismissal of an accusatory instrument, but is charged again with the same crimes in a new accusatory instrument, rearrested, and returned to custody. Our task is to discern what the legislature contemplated in enacting ORS 136.290, examining the text in context and, where appropriate, legislative history and other aids to construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Context may include other statutes enacted simultaneously with the statute at issue, *see Gaines*, 346 Or at 177 n 16, as well as prior versions of the same statute. *Harris and Harris*, 349 Or 393, 402, 244 P3d 801 (2010).

ORS 136.290 provides:

"(1) Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant. Absent the consent of the defendant or an extension under ORS 136.295, the court shall order that the trial of the defendant commence within 60 days after arrest if the state is prepared to proceed to trial.

"(2) If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on the own recognizance of the defendant, or in the custody of a third party, or

3

upon whatever additional reasonable terms and conditions the court deems just as provided in ORS 135.230 to 135.290."

The statute refers to exceptions in ORS 136.295. Among them is provision for some postponement for good cause, "but in no event shall the defendant be held in custody before trial for more than a total of 180 days." ORS 136.295(4)(a). That statute also provides that "[a]ny period following defendant's arrest in which the defendant is not actually in custody shall not be included in the 60-day computation." ORS 136.295(5).

ORS 136.290 thus provides that the 60-day period begins at "the time of arrest." The obvious purpose of the statute is to limit the amount of time that a defendant may be held in custody pending trial. If the state were correct, then the prosecution could frustrate that purpose simply by repeatedly dismissing charges, refiling them, and rearresting a defendant. Certainly in a case in which the prosecution releases a defendant and then promptly rearrests him on precisely the same charges on which he already has been held well past the 60-day period, we see no reason to read "the time of arrest" as anything other than the time of the initial arrest.

That reading of the statute is confirmed by its context, in particular ORS 136.295(5), which was enacted with ORS 136.290 in 1971 as part of the same bill but codified separately. *See* Or Laws 1971, ch 323. As we have noted, ORS 136.295(5) provides that "[a]ny period following defendant's arrest in which the defendant is not actually in custody shall not be included in the 60-day computation." Thus, the statute anticipates that some unspecified occurrence could interrupt a defendant's pretrial custody. And, when that happens, the statute provides that the period of time during

4

which the defendant is not actually in custody must be excluded from the calculation of the 60-day limit. That implies that the time during which the defendant was in custody before the interruption *does* count.

Turning to the facts of this case, relator was in custody for 236 days in Case No. C111574CR and for an additional 16 days in Case No. C120639CR. Combined, defendant was in custody for 252 days on the same charges at the time of his motion. That greatly exceeds the upper limit set by ORS 136.290(1).

We conclude that the trial court erred in denying relator's motion for release under ORS 136.290 and that relator should be released immediately, subject to such terms and conditions as the trial court deems appropriate.

The petition for a peremptory or alternative writ of mandamus is allowed. A peremptory writ of mandamus shall issue.