Argued and submitted January 3, reversed in part and remanded with
instructions to enter judgment omitting the declarations in paragraphs 4
and 5 and declaring the rights of the parties in accordance with this opinion;
otherwise affirmed November 13, 2014

CLATSOP COUNTY DISTRICT ATTORNEY
and Joshua Marquis,
*Plaintiffs-Respondents
Cross-Appellants,*

*v.*

CITY OF ASTORIA,
*Defendant-Appellant
Cross-Respondent.*

Clatsop County Circuit Court
112430; A152486

340 P3d 71

Blair J. Henningsgaard argued the cause and filed the briefs for appellant-cross-respondent.

Paul L. Smith, Senior Assistant Attorney General, argued the cause for respondents-cross-appellants. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

This case involves a dispute between the City of Astoria and the Clatsop County District Attorney[1] over the control of the prosecution of misdemeanor driving under the influence of intoxicants (DUII) offenses committed within the city. The trial court denied the city's motion to dismiss the district attorney's complaint for declaratory and injunctive relief and entered a judgment declaring the rights of the parties. Both parties appeal. The city assigns error to the trial court's denial of the city's motion to dismiss the complaint for lack of jurisdiction because the district attorney had failed to join all necessary parties, as required by ORS 28.110. The city also contends that the trial court erred in ruling that "the district attorney is mandated to appear and prosecute criminal cases in the Astoria Municipal Court" and "has exclusive authority to control and direct the prosecution of DUIIs filed in the Astoria Municipal Court with authority to allow the city attorney to conduct those prosecutions." The district attorney cross-appeals, agreeing with the city that the trial court erred in declaring that the district attorney is required to "attend and prosecute" cases in the municipal court. We conclude that the trial court correctly denied the city's motion to dismiss; however, we agree with the city on the merits. Accordingly, we reverse the judgment in part and remand with instructions to enter judgment omitting those parts of the judgment challenged by the city and declaring the parties' rights in accordance with this opinion.

The pertinent facts are undisputed. Plaintiff Joshua Marquis is the elected District Attorney of Clatsop County, Oregon; he has served in that position since 1994. Defendant City of Astoria is a home-rule city within Clatsop County; it was created in 1856 by a legislative charter from the territorial government and presently operates under a home-rule charter adopted in 1997. Among other things, the city charter authorizes the appointment of a municipal judge, Astoria City Charter § 3.6; provides that the municipal court "has

---

[1] As reflected in the caption of the case, both the Clatsop County District Attorney and Joshua Marquis (the individual presently holding that position) are named plaintiffs in this case. For readability, we refer to plaintiffs collectively as "the district attorney" unless the context requires otherwise.

original jurisdiction over every offense that an ordinance of the City makes punishable," *id.* § 5.3(5); and allows the city council to transfer functions of the municipal court to an appropriate state court, *id.* § 5.3(8).[2] Astoria City Code section 6.005 adopts the provisions of the Oregon Vehicle Code, ORS chapters 801 to 826, and provides that "a violation of a provision of those chapters is an offense against the city."

Astoria Police Department Policy 323 directs Astoria police officers to cite most misdemeanor DUII offenses to Astoria Municipal Court for prosecution by the Astoria City Attorney. Specifically, the policy requires officers to cite to the municipal court "all violations of the Astoria Code, including violations of the Oregon Revised Statutes as adopted by the City, [a]ll traffic infractions, all misdemeanor traffic crimes and all misdemeanor crimes with the exceptions noted below."[3]

The district attorney first offered, and then directed, that all citations for state-law-based DUII offenses made by the Astoria Police Department be filed in Clatsop County Circuit Court for prosecution by the district attorney.[4] The city did not yield to the district attorney's demand, and the district attorney filed a complaint for declaratory and injunctive relief. The complaint alleged facts surrounding the city's refusal to relinquish control of the prosecution of DUII cases arising within the city and requested a declaration that,

"as the public prosecutor of Clatsop County, [the district attorney] has the exclusive authority to direct and control

---

[2] Astoria Municipal Court is one of five municipal courts in Clatsop County. The Oregon Judicial Department recognizes 144 municipal courts in the state.

[3] Those exceptions presently provide that DUII defendants are to be cited to state circuit court when (1) there is a passenger in the motor vehicle who is under 18 years old and at least three years younger than the driver; (2) the DUII prosecution will involve the testimony of a Drug Recognition Expert (DRE); (3) the defendant has, on his or her Oregon driving record, two or more convictions for DUII in the previous 10 years; or (4) the officer reasonably believes that the defendant may be subject to prosecution under ORS 813.010(5), which makes DUII a felony in certain circumstances. The policy further provides that people cited for multiple offenses are to be cited to the court that has jurisdiction over the most serious offense charged.

[4] By agreement, state-law-based misdemeanor DUII offenses committed in the other four Clatsop County municipalities that operate municipal courts are presently prosecuted by the district attorney in circuit court.

the prosecution of all driving under the influence of intoxicants charges that arise within the [district attorney's] jurisdiction, including those driving under the influence of intoxicants charges, or any state-law criminal charges arising out of the same criminal episode, that originate within the City of Astoria."[5]

The city moved to dismiss the complaint, contending that (1) the district attorney is not the real party in interest, (2) the complaint failed to allege a justiciable controversy, and (3) the complaint failed to join necessary parties under ORS 28.110—namely "other cities that would be affected by the declarations requested in the complaint." The court denied the city's motion to dismiss the case.

The parties proceeded to trial, after which the court issued a letter opinion concluding, in part:

"It is this court's opinion [that] the district attorney controls and directs prosecutions of DUIIs in all the courts in his county, and in this case, the City of Astoria. This would include all DUIIs filed under state statute or city ordinance. Further it is this court's opinion that the district attorney under ORS 221.339(5) can allow the prosecutions [to] be handled by the city attorney."

After skirmishes between the parties over the proposed form of judgment, the trial court ultimately entered a judgment declaring, as relevant to this appeal:

"2.  That under ORS 221.339, the Astoria Municipal Court has concurrent jurisdiction with Clatsop County Circuit Court over misdemeanors triable in the municipal court, including misdemeanor charges of driving under the influence of intoxicants (DUII);

"3.  That ORS 8.650 authorizes the District Attorney to attend and prosecute offenses of state statute and city ordinance if the circuit [court] could have had jurisdiction of the crimes chargeable under the city ordinance;

"4.  That ORS 8.660 mandates that the District Attorney attend all courts in Clatsop County, including Astoria Municipal Court, and requires the District Attorney to

---

[5] Plaintiff also requested "supplemental" relief under ORS 28.080, which the trial court denied as "beyond the statutory authority of this Court." That aspect of the court's judgment is not at issue on appeal.

conduct on behalf of the state all prosecutions of criminal cases;

"5. That the District Attorney controls and directs prosecutions of DUIIs in all courts in Clatsop County, and, in this case the Astoria Municipal Court. This includes all DUIIs filed under state statute or city ordinance. Further the District Attorney may allow the prosecutions [to] be handled by the city attorney[.]"

(Some formatting altered.)[6] This appeal ensued.

Because it is jurisdictional, we first must address the city's contention—in its second assignment of error—that the trial court erred in denying the city's motion to dismiss the complaint for lack of jurisdiction because the district attorney had failed to join all necessary parties under ORS 28.110. *See, e.g., Vance v. Ford,* 187 Or App 412, 425, 67 P3d 412 (2003) ("Failure to join a necessary party in a declaratory judgment action deprives the court of authority to render a judgment that binds that party; it is considered a jurisdictional defect." (Citing *Wright v. Hazen Investments, Inc.,* 293 Or 259, 264, 648 P2d 360 (1982).)).[7] There is no dispute as to the relevant facts. We review for legal error the trial court's conclusion under ORS 28.110 on the joinder of necessary parties. *Sergeant's Towing, Inc. v. City of Portland,* 173 Or App 359, 364-67, 22 P3d 237, *rev den,* 332 Or 558 (2001) (so reviewing). As explained below, we conclude that the trial court did not err in denying the city's motion.

ORS 28.110 provides, as relevant:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The city's argument that ORS 28.110 has not been satisfied in this case is cursory. It argues that dismissal was required because "[t]his judgment and its rationale will have an effect on which agency controls, and what government pays

---

[6] The statutes referenced in the court's judgment—ORS 221.339, ORS 8.650, and ORS 8.660—are set out below. 266 Or App at 780-82.

[7] The city does not renew its other arguments for dismissal.

for, prosecutions in Clatsop County and across the state." It relies solely on *Smith v. Truck Insurance Exchange, Inc.*, 242 Or App 202, 255 P3d 615 (2011), and contends that the court erred in not dismissing the action because "[r]elitigating this claim for other municipal courts creates a risk of a city-by-city procedural patchwork statewide."

Noting that other cities in Clatsop County that have municipal courts already permit the district attorney to prosecute DUII offenses committed in those cities, the district attorney responds that "[t]he declaration sought in this case involves *only* the district attorney's authority to direct and control the prosecution of DUIIs committed in the City of Astoria." (Emphasis in original.) Thus, in its view, "[t]he dispute is solely between the Clatsop County District Attorney and the City of Astoria" and no other municipalities, either inside or outside of Clatsop County, have a direct interest in the outcome of the litigation for purposes of necessary-party status under ORS 28.110. We agree with the district attorney.

*Sergeant's Towing* is instructive. In that case, four towing companies that contracted with the City of Portland to tow and store vehicles for the city brought a declaratory judgment action to determine whether they were required to pay a certain city fee. One of the issues on appeal was whether the trial court had erred in not dismissing the action under ORS 28.110 for failure to join as parties the other 30 towing companies that had towing contracts with the city. 173 Or App at 364. We concluded that the trial court had not erred, reasoning that a

> "declaration that the city could not collect the $15 fee from plaintiffs certainly could benefit the other 30 companies, because the city presumably would treat the declaration as one that applied to the collection of the fee from all towing companies, not just plaintiffs. However, a contrary declaration would not necessarily affect the other companies, *because they would not be bound by it and would be free to litigate the issue themselves if they chose.*"

*Id.* at 364-65 (emphasis added). We held that the joinder principle under ORS 28.110 "requires joinder of parties whose interests would be prejudiced by a declaratory ruling

that is adverse to their interests." *Id.* at 366. In *Sergeant's Towing*, that principle was not established because, as we explained, a "ruling adverse to plaintiffs on their obligation to pay the $15 release fee might have an effect on any later proceeding by any of the other towing companies that sought to challenge payment of the fee, but it would not necessarily prevent the absent companies from establishing that they are not required to pay the fee." *Id.*

We also noted that in *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975), where the plaintiff was a state legislative candidate who had sought a declaration that certain state statutes restricting political campaign expenditures were unconstitutional, the Supreme Court had not, on its own motion, dismissed the case on jurisdictional grounds although "[o]ther political candidates and citizens had interests equivalent to those of the plaintiff, and those interests could have been affected by the declaration in *Deras* in the same way that the interest of the absent towing companies could be affected by the declaration in this case." *Sergeant's Towing*, 173 Or App at 365.

The same is true here. The district attorney sought to have determined his own authority—*vis-à-vis that of the City of Astoria*—to direct and control the prosecution of state-law-based DUII offenses (and state-law criminal charges arising out of the same criminal episode) arising in that city.[8] That was the only dispute to be resolved by the declaratory-judgment action. As in *Deras*, the fact that resolution of the declaratory-judgment action may turn on the

---

[8] The allegations in the complaint focused solely on the City of Astoria's refusal to relinquish to the district attorney control of the prosecution of DUII cases that arise within the city. The district attorney's request for supplemental relief was similarly focused: It sought to enjoin the City of Astoria from citing individuals charged with DUII into Astoria Municipal Court, enjoin the City of Astoria from prosecuting individuals charged with DUII in Astoria Municipal Court, and direct the City of Astoria to dismiss future DUII cases filed in Astoria Municipal Court and refer those cases to the district attorney's office for prosecution in Clatsop County Circuit Court. Thus, although the district attorney's demand for relief was worded more broadly—*viz.*, for a declaration as to the exclusive authority of the district attorney to direct and control the prosecution of *all* DUII charges arising within the district attorney's jurisdiction, *including* those originating in the City of Astoria—taken in context, we agree with the district attorney that the complaint, in substance, requests only a declaration of the district attorney's authority as it pertains to the prosecution of state-law-based DUII offenses committed in the City of Astoria, and nothing more.

interpretation of state statutes or the Oregon Constitution does not grant every entity that might be affected by that precedent in the future a direct interest in the present litigation such that they become necessary parties to the action under ORS 28.110. Thus, although other municipalities in the state might have an abstract interest in this litigation, they—like the towing companies in *Sergeant's Towing*—would not be bound by the court's declaration and "would be free to litigate the issue themselves if they chose." 173 Or App at 365.

The city argues that *Smith* counsels otherwise; however, that case is inapposite. In *Smith,* we held that the holder of an insurance policy was a necessary party in an action by a putative third-party beneficiary against an insurance company seeking a declaration that the putative beneficiary was covered by the policy. We explained:

> "It is axiomatic that MD&D [the policy holder], as a party to a contract of insurance, has an interest that would be affected by a declaration that a putative intended beneficiary is or is not covered under the policy. If, for example, defendants [the insurance companies] were to prevail on the declaratory judgment claim, MD&D would be exposed to risk of liability to plaintiff for having loaned her an uninsured vehicle. Moreover, it is equally axiomatic that, in MD&D's absence, a declaration in this case that the [vehicle] was not covered or that plaintiff was not a covered occupant would expose defendants to the risk of successive litigation by MD&D and an inconsistent adjudication in such an action."

242 Or App at 215. Thus, unlike the other municipalities here, the policy holder in *Smith* had more than an abstract interest in the litigation. As we recently reiterated in *State ex rel Dewberry v. Kulongoski*, 220 Or App 345, 358, 187 P3d 220 (2008), *aff'd*, 346 Or 260, 210 P3d 884 (2009), the jurisdictional requirement of ORS 28.110 is designed, in part, "to *protect the certainty of the judgment itself* from the effect of inconsistent adjudications resulting from subsequent or collateral litigation involving absent interested parties." (Emphasis added; internal quotation marks and brackets omitted.) There is no risk of that here. In sum, the trial court did not err in denying the city's motion to dismiss on

the ground that the complaint failed to join all necessary parties under ORS 28.110.

We turn to the heart of this dispute. In its first assignment of error, the city essentially challenges the declarations contained in paragraphs 4 and 5 of the declaratory judgment. Like the parties, we understand those paragraphs to have established that, under ORS 8.650, ORS 8.660, and ORS 221.339, the district attorney has authority to control and direct the prosecution of all misdemeanor DUII offenses in Clatsop County, including offenses under the Astoria City Code, and that the district attorney is required to attend and prosecute criminal offenses in Astoria Municipal Court, although the district attorney may *allow* them to be handled by the Astoria City Attorney. The city contends that the trial court's interpretation of ORS 8.650, ORS 8.660, and ORS 221.339 is incompatible with the history and context of those provisions and, therefore, that the trial court erred in entering declaratory judgment for the district attorney.

On appeal, the district attorney, predictably, contends that the trial court correctly declared that the district attorney has the authority to control and direct the prosecution of state-law-based misdemeanor DUII offenses committed in the City of Astoria.[9] Notably, the district attorney does not dispute (nor could it) that jurisdiction of such offenses "would be proper in either court, and both the district attorney and city attorney have statutory authority to undertake such prosecutions." Rather, relying on Article VII (Original), section 17, of the Oregon Constitution, ORS 8.650, and ORS 8.660(1), the district attorney argues that, in those circumstances, "the authority of the city attorney to prosecute offenses must yield to the authority of the district attorney to be the public prosecutor for all state-law offenses committed within his jurisdiction." As explained below, there is no legal support for that proposition.

The origins of ORS 8.650 and ORS 8.660—the statutes that now govern the prosecutorial authority of the district attorney—go back as far as the Deady Code. The

_____

[9] As mentioned, the district attorney also cross-appeals, agreeing with the city that the trial court erred in declaring that the district attorney must attend and prosecute those cases in Astoria Municipal Court.

provision that was eventually codified as ORS 8.650 originally provided, "The district attorney in each district, is the public prosecutor therein." General Laws of Oregon, Civ Code, ch XIII, title I, § 942, p 384 (Deady ed 1845-1864). The statute that was eventually codified as ORS 8.660 provided, "He [the district attorney] shall attend the terms of all courts having jurisdiction of public offences within his district, and conduct, on behalf of the state, all prosecutions for such offences therein." *Id.* § 943.

At the time, district attorneys were elected by districts, and districts were comprised of one or more counties. Article VII (Original), section 17, of the Oregon Constitution provided:

> "There shall be elected by districts comprised of one, or more counties, a sufficient number of prosecuting Attorneys, who shall be the law officers of the State, and of the counties within their respective districts, and shall perform such duties pertaining to the administration of Law, and general police as the Legislative Assembly may direct."

In 1910, Article VII was amended and, as so amended, omits any reference to section 17. *See* Or Const, Art VII (Amended). However, the original provisions of Article VII "remain in force notwithstanding the amendment * * *, except in so far as they have been modified by legislation subsequent to the adoption of the amendment." *State ex rel. v. Farrell*, 175 Or 87, 91-92, 151 P2d 636 (1944) (citing *State v. Farnham*, 114 Or 32, 43, 234 P 806 (1925); *Gibson v. Kay*, 68 Or 589, 593, 137 P 864 (1914); *State ex rel. v. Duniway*, 63 Or 555, 560, 128 P 853 (1912)).

Subsequent to the adoption of Article VII (Amended), the legislature established that district attorneys are to be elected by county instead of by district. Or Laws 1913, ch 343, § 1.[10] Consequently, as part of the general 1953 revision and recodification of Oregon statutes, the word "county" was substituted for "district" in both ORS 8.650 and ORS 8.660, thus making clear that the district attorney's authority did not extend beyond the county. *Reviser's Notes and*

---

[10] That provision is now codified at ORS 8.610 ("A district attorney for each county shall be elected by the electors of the county[.]").

*Annotations to Chapters 1-170 of the Oregon Revised Statutes* 28 (1953) (stating that the change was made "because district attorneys no longer are elected by districts").[11] Thus, ORS 8.650 (1953) read as follows: "The district attorney in each *county* is the public prosecutor therein." (Emphasis added.) And, ORS 8.660 (1953) provided:

> "The district attorney shall attend the terms of all courts having jurisdiction of public offenses within his *county*, and conduct, on behalf of the state, all prosecutions for such offenses therein."

(Emphasis added.) Those provisions remained part of Oregon law without significant change until 1971.

In 1971, ORS 8.650 was amended to give district attorneys authority to prosecute violations of city charters and ordinances *if* the district court of the county also had jurisdiction over the offenses. Or Laws 1971, ch 633, § 14. It remains in essentially that form today,[12] providing:

> "The district attorney in each county is the public prosecutor therein *and has the authority to appear and prosecute violations of the charter and ordinances of any city provided the circuit court for the county has jurisdiction with respect to violations of the charter and ordinances of each such city.* In cities of a population of more than 300,000 the district attorney shall be responsible for the prosecution of all city ordinance violations."

ORS 8.650 (emphasis added).

ORS 8.660 was amended in 1975, and again in 1981, to limit the district attorney's prosecutorial authority with respect to certain traffic, boating, and other infractions. *See* Or Laws 1975, ch 451, § 170; Or Laws 1981, ch 626, § 1; Or Laws 1981, ch 692, § 6a. In 1999, the statute was amended again as part of the enactment of Senate Bill (SB) 20 (1999), a comprehensive bill standardizing the procedures used for processing traffic infractions and other noncriminal

---

[11] The change in wording became law by authority of ORS 174.510 (amended 1953).

[12] In 1995, the reference to district court in ORS 8.650 was changed to circuit court to reflect that, effective January 15, 1998, the jurisdiction and authority of the district courts was transferred to the circuit courts. Or Laws 1995, ch 658, § 21.

offenses and renaming those offenses "violations." *See State v. Swanson*, 237 Or App 508, 512 n 1, 240 P3d 63 (2010), *aff'd*, 351 Or 286, 266 P3d 45 (2011) (so explaining). It provided, as it does today:

"(1)  The district attorney shall attend the terms of all courts having jurisdiction of public offenses within the district attorney's county, and, *except as otherwise provided in this section*, conduct, on behalf of the state, all prosecutions for such offenses therein.

"(2)  A district attorney *shall not conduct prosecutions under this section when*:

"(a)  A city attorney is prosecuting a violation under ORS chapter 153; or

"(b)  The district attorney is prohibited from appearing in a violation proceeding under the provisions of ORS 153.076."[13]

ORS 8.660 (emphasis added).

At the same time, and as part of the same bill, the legislature enacted ORS 221.339, governing the prosecutorial authority of city attorneys and the jurisdiction of municipal courts. Or Laws 1999, ch 1051, § 40. It provides:

"(1)  A municipal court has concurrent jurisdiction with circuit courts and justice courts over all violations committed or triable in the city where the court is located.

"(2)  *Except as provided in subsections (3) and (4) of this section, municipal courts have concurrent jurisdiction with circuit courts and justice courts over misdemeanors committed or triable in the city.* Municipal courts may exercise the jurisdiction conveyed by this section without a charter provision or ordinance authorizing that exercise.

"(3)  Municipal courts have no jurisdiction over felonies.

"(4)  A city may limit the exercise of jurisdiction over misdemeanors by a municipal court under this section by the adoption of a charter provision or ordinance, except

---

[13] For purposes of ORS chapter 153, violations are principally offenses punishable by fines, but not by imprisonment. ORS 153.008. ORS 153.076 provides, in subsection (6), that neither a district attorney nor a city attorney may appear in violation proceedings unless counsel for the defendant appears.

that municipal courts must retain concurrent jurisdiction with circuit courts over:

"(a) Misdemeanors created by the city's own charter or by ordinances adopted by the city, as provided in ORS 3.132; and

"(b) Traffic crimes as defined by ORS 801.545.

"(5) Subject to the powers and duties of the Attorney General under ORS 180.060, *the city attorney has authority to prosecute a violation of any offense created by statute that is subject to the jurisdiction of a municipal court, including any appeal, if the offense is committed or triable in the city. The prosecution shall be in the name of the state. The city attorney shall have all powers of a district attorney in prosecutions under this subsection.*"

(Emphasis added.)[14]

The district attorney argues that, as the "public prosecutor" of the state under ORS 8.650, subject only to the two limited (and, in this case, inapplicable) exceptions specified in ORS 8.660(2) involving violations, the district attorney has superior authority to control the prosecution of all crimes committed within the district attorney's jurisdiction. In support of that argument, the district attorney first contends that, by carving out those two narrow exceptions, the legislature implied that "the district attorney *can* exercise his prosecutorial authority in all other concurrent jurisdiction situations." (Emphasis in original.) We reject that proposition.

---

[14] Before the enactment of ORS 221.339, municipal-court jurisdiction was governed by *former* ORS 484.030 (1979), *renumbered as* ORS 153.565 (1981), *repealed by* Or Laws 1999, ch 1051, § 32, which provided:

"(1) A circuit or district court has concurrent jurisdiction of all state traffic offenses, except that the circuit court has exclusive jurisdiction of the trial of criminally negligent homicide and of felonies.

"(2) A justice court, for offenses committed within the county, and a city court, for offenses committed within the jurisdictional authority of the city, have concurrent jurisdiction of all state traffic offenses, except that they do not have jurisdiction of the trial of any felony.

"(3) The city attorney shall have authority to prosecute in the name of the state for a state traffic offense committed within the jurisdictional authority of the city as provided in subsection (2) of this section, and in any appeal therefrom, except as provided in ORS 180.060."

It does not follow from the limitation on the district attorney's prosecutorial authority with respect to violations specified in ORS 8.660(2) that the legislature intended the district attorney's authority to be otherwise unfettered. ORS 8.660(2) reflects the legislature's preference for *violations* to be prosecuted by the city attorney; in that arena, the legislature has provided a clear pecking order: if the city attorney chooses to prosecute, the district attorney has no authority. However, that does not, as the district attorney contends, imply the converse—that in all other contexts in which there is concurrent jurisdiction, the city attorney's authority to prosecute is subordinate to that of the district attorney's.

ORS 8.660(2) must be considered in its statutory context. That context includes ORS 221.339, which, as noted, was enacted as part of the same bill as the most recent amendments to ORS 8.660(2), upon which the district attorney relies. *See, e.g., State v. McDowell*, 352 Or 27, 31-32, 279 P3d 198 (2012) (considering, as significant context, statute enacted as part of the same bill but codified separately); *State v. Klein*, 352 Or 302, 309, 283 P3d 350 (2012) (stating that a statute's context includes "related statutes"). That statute grants municipal courts "concurrent jurisdiction with circuit courts and justice courts over misdemeanors committed or triable in the city," ORS 221.339(2), and specifies that the city attorney has authority to prosecute those crimes—that is, "violation of any offense created by statute that is subject to the jurisdiction of a municipal court * * * *if the offense is committed or triable in the city*," ORS 221.339(5) (emphasis added). Significantly, it further provides that the city attorney's authority in that regard is subject only to the "powers and duties of the Attorney General"—it says nothing about making that authority subordinate to the authority of a *district attorney*—and that "[t]he city attorney shall have *all powers of a district attorney in prosecutions under this subsection.*" ORS 221.339(5) (emphasis added). Thus, ORS 221.339(5) establishes that the city attorney has authority to prosecute the offenses at issue in this case that is equivalent to that of the district attorney under ORS 8.660.

The legislative history of SB 20 presented by the parties supports that understanding. As the city points out,

at a work session on the bill before the Senate Judiciary Committee on March 3, 1999, Bradd Swank of the Oregon Judicial Department, who was a member of the workgroup that developed the legislation, explained:

"Now, when you first hear that and you think that a city court has jurisdiction over misdemeanors, you think, naturally, that a city court is going to be hearing misdemeanors. *Well they may not be. And the reason they may not be is because what's left in the statute and what is unchanged by Senate Bill 20 is the discretion of the citing officer to decide where that officer is going to send that case.* Are they going to cite it into circuit court? Are they going to cite it into municipal court, justice court, if they've got a justice court? And the reason it's a hot political issue is because, by deciding where workload goes, you not only have effect on the budgets of the courts that you're doing, but an effect on the revenues. A court that gets violations and infractions gets the money side of the chart. A court that gets misdemeanors gets the costs of jury trials, gets the costs of indigent defense, gets those costs * * *. When the workgroup worked on this issue, they decided that it was a hot enough political potato—and it's been around * * * as long as there've been state courts, about arguing how the workload issue is controlled and who controls it—*the workgroup decided that the best way to address this, was to make it mirror as closely as possible the current law and not do much with it and say this is what the current law is.* This bill isn't going to change this, so by arguing one way or another, if the bill dies, you're in the same position you are as if it passes in relation to this issue. * * * And [the League of Oregon Cities] wanted some minor language changes to make it clear *that section 40 wasn't attempting to change current law*, that the jurisdiction remained concurrent between the circuit court and the municipal court on those things that they couldn't remove jurisdiction for by ordinance and those were the misdemeanors created by their own city charter and the traffic offenses. And of course they always retain jurisdiction over violations. And we made some minor language changes * * *. But it's an issue you should know about and is likely going to get asked on the floor. *It doesn't change the fact that under this bill, as under current law, it will be the officer writing the ticket who still gets to decide where the workload goes. And we haven't changed that.*"

Tape Recording, Senate Committee on Judiciary, SB 20, Mar 3, 1999, Tape 58, Side B (statement of Bradd Swank) (emphasis added); *see also* Testimony, Senate Committee on Judiciary, SB 20, Mar 3, 1999, Ex H (statement of Bradd Swank).

As noted, section 40 of SB 20 was the provision that enacted ORS 221.339. Swank's testimony indicates that the legislature understood that provision to leave intact concurrent jurisdiction between the circuit and municipal courts over misdemeanors committed in the city and, consequently, the concurrent prosecutorial authority of the district attorney and the city attorney—that is, neither would be subordinate to the other.[15] Instead, "it will be the officer writing the

---

[15] As the city points out, *State v. Ogle*, 46 Or App 109, 610 P2d 1242 (1980), *appeal dismissed*, 291 Or 364, *cert den*, 454 US 1054 (1981), is consistent with that understanding. In *Ogle*, we affirmed the trial court's denial of the defendant's motion to dismiss, on former-jeopardy grounds, a felony driving-while-suspended charge in circuit court after he had been prosecuted in municipal court for DUII (brought under state law) arising from the same criminal transaction. We determined that the circuit-court prosecution was not barred by former jeopardy because, although each was aware of the other prosecution, neither the city attorney nor the district attorney was in the position to seek consolidation of the charges. We explained:

"In this case, the alcohol[-]related charges, brought under state statute, were filed and tried in the municipal court which had jurisdiction. ORS 484.030(2). *The prosecution of these offenses was in the control of the city attorney, ORS 484.030(3), and not the district attorney, ORS 8.660.* The three offenses could not have been consolidated for trial in the municipal court because that court did not have jurisdiction of the felony charge. ORS 484.030(2). The city attorney, who had control of prosecution of two of the three offenses, could not seek consolidation. *He could have moved for dismissal of the charges and deferred to the district attorney the prosecution of all charges in the circuit court. However, he was under no legal obligation to do so. The district attorney had no authority to require the city attorney to seek dismissal or to appear as counsel for the state in the municipal court and move for dismissal.*"

*Id.* at 114-15 (emphasis added). The district attorney argues that *Ogle* is not dispositive because, at the time, the district attorney did not have authority to prosecute traffic infractions, *see* ORS 8.660 (1979); ORS 484.030 (1979) (limiting district attorney authority to prosecute traffic infractions committed in the city), and DUII was a traffic infraction, *see former* ORS 487.540 (1979). Although ORS 8.660 still prohibits the district attorney from prosecuting violations (formerly enumerated "infractions") if the city attorney chooses to prosecute, because DUII is now at least a misdemeanor, *see* ORS 813.010(4), and may not be treated as a violation, *see* ORS 161.566(4), the district attorney contends that *Ogle* is inapposite. Apparently, however, the record in *Ogle* does not bear that out. As we related in our opinion in *Ogle*, "the state agree[d] *** that all the charges could have been tried in the circuit court." 46 Or App at 112. And, in dismissing the petition for review in *Ogle*, the Supreme Court noted that "[t]he record shows that the

ticket who still gets to decide where the workload goes." The district attorney does not point to anything in the history of SB 20 that would indicate a contrary intention on the part of the legislature.

Instead, the district attorney reasons, "If a city attorney's authority to prosecute was *generally superior* to a district attorney's authority to prosecute when the two were in conflict, there would have been no need for the legislature to carve out the limited exception that it did for violation prosecutions in ORS 8.660(2)." (Emphasis added.) The flaw in that argument is that it assumes that one official's authority must be superior to the other's authority, even though the legislature granted the circuit and municipal courts "concurrent" jurisdiction over those offenses. *See Webster's Third New Int'l Dictionary* 472 (unabridged ed 2002) (defining "concurrent" to mean, in law, *"joint and equal in authority* : taking cognizance of or having authority over the same subject matters : operating on the same objects" (emphasis added)); *Black's Law Dictionary* 928 (9th ed 2009) ("concurrent jurisdiction" is "[j]urisdiction that might be exercised simultaneously by more than one court over the same subject matter and within the same territory, a litigant having the right to choose the court in which to file the action" (boldface omitted)). The only *legal* principle that the district attorney invokes in support of that proposition is the prohibition against former jeopardy. *See* Or Const, Art I, § 12; ORS 131.515. The district attorney argues that, because of former-jeopardy concerns, "there must be some tie-breaker for deciding which attorney—the district attorney or the city attorney—may prosecute an offense when the two are in conflict"; however, the district attorney does not explain why that is so.[16] Although former jeopardy might prevent the state from prosecuting in circuit court an offense for

violation of ORS 487.540(1)(b) was charged against defendant as a crime (alleging similar convictions within the preceding five years, ORS 484.365)." 291 Or at 366. (The Supreme Court initially allowed review in *Ogle*, but later dismissed the petition because, although the record showed that the DUII had been charged as a crime, it did not "show whether the municipal court judgment was a conviction for a crime as charged or only for a noncriminal infraction," thus precluding "a proper analysis of the statutory law governing this case." *Id.* at 366-67.).

[16] That proposition may have some appeal as a policy matter; however, that is something for the legislature to decide.

which a defendant had previously been prosecuted in municipal court (and vice versa), *but cf. State v. Ogle*, 46 Or App 109, 610 P2d 1242 (1980) *appeal dismissed*, 291 Or 364, *cert den*, 454 US 1054 (1981) (former jeopardy did not bar driving-while-suspended prosecution in circuit court after DUII prosecution in municipal court arising from same criminal transaction), that circumstance does not lead to the conclusion that the legislature must have intended for the district attorney to control where a case is filed or prosecuted. Rather, as discussed above, it appears that the legislature deliberately chose *not* to resolve that particular conflict.

The district attorney also contends that ORS 221.339(5)—which, in its view, "define[s]" the city attorney's authority *in terms* of the district attorney's authority—supports its position that the district attorney's power is superior: "It would be odd, indeed, for the legislature to describe the scope of one office holder's authority only by referencing the power of another office (an office with a well-defined history both in Oregon and elsewhere) and then have the established office be subservient to the ill-defined office." However, even accepting the district attorney's characterization of subsection (5), again, that reasoning is dependent on the premise—which we have already rejected—that one must necessarily be superior to the other. The district attorney emphasizes that it is only the district attorney—not the city attorney—who has been described by the legislature as the "public prosecutor" and that the district attorney's authority is significantly broader than the city attorney's in all other respects; however, neither of those circumstances compel the legal conclusion that the district attorney has superior prosecutorial authority over crimes for which the legislature has clearly granted "concurrent jurisdiction" to state and municipal courts. In sum, the district attorney's arguments have little persuasive force as a matter of law and, if anything, are best directed to the legislature.

On cross-appeal, the district attorney contends that the trial court erred in declaring, in paragraph 4 of the judgment, that ORS 8.660 requires the district attorney to attend and prosecute criminal cases in Astoria Municipal Court. As noted earlier, the district and the city are in agreement that the court erred in that regard.

Accordingly, we conclude that the trial court erred in declaring the parties' rights as provided in paragraphs 4 and 5 of the declaratory judgment and reverse and remand with instructions to omit those parts of the judgment and, in accordance with our opinion, to declare the converse of the declaration that the district attorney sought in this case.

Reversed in part and remanded with instructions to enter judgment omitting the declarations in paragraphs 4 and 5 and declaring the rights of the parties in accordance with this opinion; otherwise affirmed.